William HOLCOMB, Appellant,

v.

The STATE of Texas, Appellee.

No. 63576.

Court of Criminal Appeals of Texas, Panel No. 2.

April 2, 1980.
Rehearing Denied May 7, 1980.

Nathaniel G. Rhodes, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty. and Eric G. Brown, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and CLINTON, JJ.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction of forgery by possession. The court assessed punishment at five years.

Holcomb argues that the trial court erred when it failed to grant his motion to quash the indictment. Holcomb's indictment reads as follows:

". . . did then and there possess a writing described in substance as follows: a check drawn on the Guaranty National Bank payable to Raymon Shults for $135 and signed 'Bob Crow' and containing thereon the words 'Bob Crow Realty'; that such check was possessed with the intent to defraud another and with the intent to pass it to Lucy Avalos; that such check was forged in that it was made so that it purported to be the act of Bob Crow who did not authorize such act; and that the defendant then knew the check was forged.

"AND THE GRAND JURY further presents that it is unable to give a better description of said writing because the writing is not accessible to the Grand Jury because said writing is in the possession of defendant or is lost or destroyed.

"AND THE GRAND JURY further presents that the defendant by this indictment is given notice to produce the original of said writing upon the trial of this indictment or secondary evidence will be resorted to prove its contents."

It should be noted at the outset that Holcomb has presented us with three challenges to the indictment set out in one ground of error. It is almost impossible for us to ascertain the precise nature of appellant's complaints. Article 40.09, Section 9, V.A.C.C.P. Further, the record before us contains no statement of facts but merely a transcript of the pleadings and papers filed with the clerk. From an analysis of the State's brief, appellant's brief and the transcript, including the motion to quash, we have determined that Holcomb is complaining of the indictment in three respects. Holcomb argues that (1) the description of the forged check is overly broad, indefinite, and vague, (2) the second paragraph was pled in the disjunctive and thus provided insufficient notice, and (3) the request of Holcomb to produce the check constituted a comment on his right against self-incrimination.

An almost identical indictment was sanctioned in *Harris v. State*, 150 Tex.Cr.R. 137, 199 S.W.2d 522 (1947). We held there that, when it is impossible to set out in the indictment the alleged forged instrument, the reason for that failure should be stated and that secondary evidence will be used to prove the instrument's contents. ". . . In the event the instrument itself be lost, destroyed, or in the possession of the accused, where access cannot be had thereto, such disabling fact may be alleged, and the substance will suffice." 199 S.W.2d at 523.

Quoting from 1 Greenleaf on Evidence, Section 560, we held:

"When the instrument or writing is in the hands or power of the adverse party, there are, in general, except in the cases above mentioned, no means at law of compelling him to produce it; but the

practice in such cases is to give him or his attorney a regular notice to produce the original. Not that, on proof of such notice, he is compellable to give evidence against himself, but to lay a foundation for the introduction of secondary evidence of the contents of the document or writing, by showing that the party has done all in his power to produce the original."

We hold that the defendant was given sufficient notice of the charge against which he would have to defend. There is no reversible error.

The judgment is affirmed.