**Ex parte Verdis Dewayne HUBBARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 864–88.

Court of Criminal Appeals of Texas, En Banc.

Nov. 14, 1990.

George E. Renneberg, Conroe, for appellant.

Peter C. Speers, III, Dist. Atty. and Thomas D. Glenn, Asst. Dist. Atty., Conroe, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

The appellant, Verdis Dewayne Hubbard, was indicted in 1987 for burglary of a habitation and burglary of a motor vehicle, the indictment indicating the offenses occurred four days apart. After a jury was selected, sworn and impanelled for trial, appellant made an oral motion to compel the State to elect between the counts in the indictment based upon misjoinder of the offenses. The State argued it wished to proceed with the evidence and then make its election at the time the charge was given to the jury. There was general agreement between the parties and the court that the two counts had been misjoined. The State requested the jury be dismissed as they had been told of the two offenses during voir dire. The defense counsel objected to any mistrial because a jury was impanelled and he was ready to proceed. The trial judge granted defendant's first motion to compel the State to elect a count. He concurrently granted the State's motion to dismiss so the trial could be re-set. The State announced it would re-indict the defendant and court was adjourned.

The trial judge, mistaken in his belief that jeopardy had not attached since the indictment had not been read and the plea not entered, granted a mistrial and dismissed the jury. The judge's mistake was based on the former rule regarding double jeopardy in this state. *See McElwee v. State*, 589 S.W.2d 455 (Tex.Cr.App.1979). Subsequently, the trial court denied defendant's writ of habeas corpus and his motion to dismiss with prejudice.

On June 29, 1988, the Beaumont Court of Appeals held the trial court erred in overruling the writ of habeas corpus, granted the writ, and barred the State from prosecuting appellant on either of the offenses contained in the original indictment. The appeals court held double jeopardy had attached after the jury was selected, sworn, and impanelled. *See Hubbard v. State*, 753 S.W.2d 496 (Tex.App.—Beaumont 1988).

The State's petition for discretionary review was granted to determine whether a mistrial declaration, over objection, after the jury is sworn, bars retrial of both offenses when defendant has asked for an election by the State of the offense on which it is to proceed.[1]

We agree with the Court of Appeals that the trial court erred in granting a mistrial because jeopardy had clearly attached. *Torres v. State*, 614 S.W.2d 436 (Tex.Cr. App.1981). Once jeopardy attaches, the defendant possesses a valued right to have his guilt or innocence determined before

---

1. Tex.R.App.Pro. 200(c)(2) and (c)(5).

the first trier of fact. *Id.* at 441. An exception to this rule exists if the defendant consents to a retrial, or if a retrial before a new jury is mandated by some form of manifest necessity. *Id.*

It is clear from the record that the appellant did not consent to a retrial but objected to the mistrial, declaring he was ready to proceed on whichever count the State would elect. We agree with the appeals court there was no showing of manifest necessity to dismiss the jury.

■ Furthermore, pursuant to this Court's holding in *Fortune v. State*, 745 S.W.2d 364 (Tex.Cr.App.1988), appellant followed the correct procedure in making a motion to elect the count upon which the State would proceed.[2]

The State never made an election as to which count it would proceed and evidence was not presented on either count. The trial was essentially over before it began when the jury was dismissed. Therefore, we cannot agree with the dissenting opinion below that jeopardy had not attached to the second count. The offenses in this situation must be treated the same.

The Court of Appeals' judgment granting the writ of habeas corpus and barring the State from further prosecution of either offense contained in the indictment is affirmed.

McCORMICK, P.J., concurs in the result.

BERCHELMANN and STURNS, JJ., not participating.

---

**2.** In *Fortune*, this Court held, "[w]hen the State violates the misjoinder rule by alleging different offenses in the same indictment, the defendant has three options. First, he may object to the charging instrument on the ground that the State has misjoined offenses. The trial court should then grant the motion to quash, or may, instead, force the State to elect the offense upon which it will proceed. (citations omitted). Another option is to forego the motion to quash and file a motion requesting that the State be made to elect the count upon which it will proceed. The trial court should grant the motion if the State has misjoined offenses. (citations omitted). The State must make the election by the end of the State's case and before the defense begins to present evidence. (citations omitted). The third option is to make no motion to quash or objection and urge the error on appeal." *Fortune*, 745 S.W.2d at 368.