Michael D. REESE, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–94–00212–CR.

Court of Appeals of Texas,
Tyler.

Aug. 27, 1996.

Discretionary Review Refused
Nov. 27, 1996.

Elizabeth Ann Fulton, Longview, for appellant.

C. Patrick Savage, William M. Jennings, Longview, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

RAMEY, Chief Justice.

Michael D. Reese ("Reese") brings this appeal from a conviction by a jury for the crime of forgery (criminal episode). The jury found Reese to be a habitual offender and sentenced him to seventy-five years in prison. Reese raises two points of error; we will affirm the judgment of the trial court.

In his first point of error, Reese alleges that the trial court erred in granting the State's motion for mistrial. After the jury in this case was selected and impanelled, the trial judge allowed the jurors to go to their homes for the night and return to be sworn on the morning of trial. The following morning, the trial court held a hearing and elicited testimony from one of the jurors which revealed that a man identifying himself as Reese had called the juror at her home the previous night. The juror stated that the call upset her greatly and caused her to fear for her safety. Reese was incarcerated at that time. The trial court obtained and read into the record a document from the local telephone company indicating that a telephone call had been placed from the Gregg County jail to the juror's home that night.

The trial court granted the State's motion for mistrial after the hearing, and the jury was never sworn. In fact, Reese admits in his brief that the jury had been impanelled but not yet sworn at the time of the hearing. Reese now contends that the trial judge's actions violated the constitutional ban against double jeopardy and that the trial court

abused its discretion because there was no showing of "manifest necessity" for a mistrial. Reese relies on *Ex parte Hernandez*, 906 S.W.2d 931 (Tex.Cr.App.1995), which involved a trial court's granting of mistrial after the commencement of the trial. It is well established that once jeopardy attaches, a trial court may grant a mistrial in the absence of a request by the defendant only on a showing of manifest necessity. *Id.; Ex parte Little*, 887 S.W.2d 62, 65 (Tex.Cr.App. 1994). "The doctrine of manifest necessity is inextricably fused with the concept of jeopardy and is based upon the principle that once a jury is impaneled and sworn, but for a few limited exceptions, a defendant has the right to have his guilt or innocence resolved by that particular jury." *Dinkins v. State*, 894 S.W.2d 330, 343 (Tex.Cr.App.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995).

■■■ The State is correct in replying, however, that jeopardy had not attached in the instant case when the mistrial was granted because the jurors had not been sworn. *See Brown v. State*, 907 S.W.2d 835, 839 (Tex.Cr.App.1995); *State v. Torres*, 805 S.W.2d 418, 420 (Tex.Cr.App.1991); *Hinojosa v. State*, 875 S.W.2d 339, 342 (Tex.App.— Corpus Christi 1994, no pet.). Jeopardy principles pose no bar to declaration of a mistrial when the jury has not been impanelled or sworn. *Dinkins*, 894 S.W.2d at 343; *cf, Jones v. State*, 843 S.W.2d 487, 495 (Tex. Cr.App.1992), *cert. denied*, 507 U.S. 1035, 113 S.Ct. 1858, 123 L.Ed.2d 479 (1993) (Jeopardy did not bar mistrial because the jury had not yet been impanelled.) We hold that the trial court's granting of a mistrial in the instant case did not raise a question of double jeopardy.

■■■ Our treatment of Reese's first point of error does not end there, however. In his argument on the first point of error, Reese also alleges that the trial court's action violated the principles enunciated in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and its progeny in Texas. He provides no argument or supporting authority for this claim and, more significantly, did not raise a *Batson* challenge before the trial court; therefore, Reese failed to preserve this complaint for appellate review. *See* TEX.R.APP.PROC. 52(a). For the foregoing reasons, Reese's first point of error is overruled.

■■■ In his second point of error, Reese contends that the trial court erred in convicting him because the second count of the indictment was fundamentally defective. The relevant portion of the indictment stated as follows:

> ... the Grand Jury further presents that it is unable to give a better description of said writing [a forged check] because the writing is not accessible to the Grand Jury because said writing is in the possession of the defendant and is lost and destroyed, and the defendant is hereby given notice to produce the original of said writing upon the trial of this indictment; otherwise, secondary evidence will be resorted to [sic] prove its contents,

Reese did not produce the original check; in fact, during trial the arresting officer testified that Reese ate the check. The officer also testified, however, that he had the opportunity to look at the check and write down the check number and other information before Reese ate it.

Reese maintains that the demand for the original check constituted a violation of his Fifth Amendment right to freedom from compelled self-incrimination. His inability to comply and produce the check, he claims, was sure to be incriminating in the minds of the jury. Conversely, the State argues that the Texas Court of Criminal Appeals addressed this very issue and found no such constitutional violation in *Holcomb v. State*, 597 S.W.2d 373 (Tex.Cr.App. [Panel Op.] 1980). In *Holcomb*, the Court of Criminal Appeals entertained an identical complaint regarding an indictment containing nearly identical language:

> the defendant ... is given notice to produce the original of said writing upon the trial of this indictment or secondary evidence will be resorted to prove its contents.

The Court of Criminal Appeals quoted from 1 Greenleaf on Evidence, Section 560:

When the instrument or writing is in the hands or power of the adverse party, there are, in general, except in the cases above mentioned, no means at law of compelling him to produce it; but the practice in such cases is to give him or his attorney a regular notice to produce the original. Not that, on proof of such notice, he is compellable to give evidence against himself, but to lay a foundation for the introduction of secondary evidence of the contents of the document or writing, by showing that the party has done all in his power to produce the original.

*Holcomb*, 597 S.W.2d at 374–375. The *Holcomb* court held that no error lay in the indictment's language.

We agree with the State's argument and the reasoning of the *Holcomb* court. Reese's second point of error is overruled, and the judgment of the trial court is **affirmed.**