In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00232-CR


____________________



LAWRENCE FLOYD MILLER III, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 96854






 MEMORANDUM OPINION


 A jury found appellant, Lawrence Floyd Miller III, guilty of felony driving while
intoxicated. The judge sentenced Miller to ten years' confinement in prison, suspended the
imposition of the sentence, placed him on community supervision for ten years, and imposed
a fine of $1,000.00. In two issues, Miller challenges the legal and factual sufficiency of the
evidence supporting the verdict and contends the trial court erred by failing to grant his
Batson Challenge. (1) We overrule Miller's issues and affirm the judgment.

Factual Background

 Around 12:30 a.m. on February 19, 2006, Trooper Kenneth Sanders stopped Miller's
pickup because Sanders observed that the truck was being driven on Highway 87 without its
headlights on. Just before stopping, Miller turned off Highway 87 into a trailer park. As
Trooper Sanders approached the pickup, Miller exited, threw his wallet into the pickup's bed,
and began backing towards a nearby trailer. Trooper Sanders identified himself, and Miller
tensed up and clenched his fists. Upon approaching Miller, Trooper Sanders noticed "the
odor of an alcoholic beverage," Miller's "red, bloodshot glassy eyes," and Miller's "slurred
speech" that was "at times almost hard to understand. . . ."

 Trooper Sanders conducted the horizontal gaze nystagmus sobriety ("HGN") test, and
identified six out of six possible clues of intoxication as positive. At the conclusion of that
test, Miller refused further field sobriety testing and asked for his attorney. At that point,
Trooper Sanders placed Miller under arrest for driving while intoxicated.

Standard of Review

 Miller contends the evidence is legally and factually insufficient to support his
conviction. When both legal and factual sufficiency are raised on appeal, we first address
the legal sufficiency of the evidence; if the evidence is legally sufficient to support the
conviction, we then address factual sufficiency. See Clewis v. State, 922 S.W.2d 126, 133
(Tex. Crim. App. 1996). With respect to the legal sufficiency of the evidence in a criminal
case, we review all of the evidence in a light most favorable to the verdict, and we decide if
any rational trier of fact could find the essential elements of the crime beyond a reasonable
doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979);
Evans v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). 

 In determining the evidence's factual sufficiency, we review the evidence in a neutral
light. See Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim. App.), cert. denied, 128 S.Ct.
282, 169 L.Ed.2d 206, 76 U.S.L.W. 3165 (2007). "Evidence can be factually insufficient in
one of two ways: (1) when the evidence supporting the verdict is so weak that the verdict
seems clearly wrong and manifestly unjust, and (2) when the supporting evidence is
outweighed by the great weight and preponderance of the contrary evidence so as to render
the verdict clearly wrong and manifestly unjust." Id. (citing Watson v. State, 204 S.W.3d
404, 414-15 (Tex. Crim. App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000)). The reviewing court may not reverse for factual sufficiency if "'the greater weight
and preponderance of the evidence actually favors conviction.'" Id. (quoting Watson, 204
S.W.3d at 417). 

 While the appellate court may "second-guess the [fact finder] to a limited degree, the
review should still be deferential, with a high level of skepticism about the [fact finder's]
verdict required before a reversal can occur." Id. (citing Watson, 204 S.W.3d at 417; Cain
v. State, 958 S.W.2d 404, 407, 410 (Tex. Crim. App. 1997)). In examining a factual
sufficiency challenge, we "must give due deference to the fact finder's determinations
concerning the weight and credibility of the evidence . . . ." Swearingen v. State, 101 S.W.3d
89, 97 (Tex. Crim. App. 2003). 

Analysis


 Driving while intoxicated occurs when an intoxicated person operates a motor vehicle
in a public place. Tex. Pen. Code Ann. § 49.04(a) (Vernon 2003). "Intoxicated," as defined
by the charge in this case, meant "not having the normal use of mental or physical faculties
by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug,
a combination of two or more of those substances, or any other substance into the body[.]" 
Tex. Pen. Code Ann. § 49.01(2)(A) (Vernon 2003). 

 Trooper Sanders's testimony that he observed Miller operating his pickup after dark
without headlights, smelled the odor of an alcoholic beverage when he approached Miller,
noticed Miller's bloodshot eyes, and heard Miller respond with slurred speech, together with
the positive clues he detected on Miller's HGN test, constitute legally sufficient evidence
to support the conviction. In Dornbusch v. State, 262 S.W.3d 432, 433-34, 438 (Tex.
App.-Fort Worth 2008, no pet.), the Fort Worth Court of Appeals upheld a driving-while-intoxicated conviction based on the evidence that: (1) the car smelled of alcohol; (2) the
police officer noticed that Dornbusch had bloodshot eyes, slurred speech and appeared
disoriented; and (3) Dornbusch displayed all six clues of intoxication when performing the
HGN test. Additionally, in this case, the record contains Trooper Sanders's opinion, offered
without objection, that at the time of the encounter Miller had lost the normal use of his
mental and physical faculties.

 There is also evidence that Miller operated the pickup in a public place. Trooper
Sanders's testimony established that just before the stop he observed the pickup being driven
on Highway 87. As defined by the Texas Penal Code, a "public place" includes streets and
highways. Tex. Pen. Code Ann. § 1.07(a)(40) (Vernon Supp. 2008). Trooper Sanders
testified that he saw Miller step out of the pickup when it stopped and then specifically
identified Miller as the person he had stopped. According to Trooper Sanders, Miller told
him he was not driving, but was only "crossing the street." All of this testimony supports the
jury's conclusion that Miller was the person who had operated the pickup while it was on
Highway 87. We conclude that legally sufficient evidence supports Miller's conviction for
driving while intoxicated. 

 When reviewed in a neutral light, the same evidence discussed above also provides
a factually sufficient basis to support Miller's conviction for driving while intoxicated. See
Dornbusch, 262 S.W.3d at 438. Only one witness, Trooper Sanders, testified about the stop
that led to Miller's arrest for driving while intoxicated. Miller did not testify. In his brief,
Miller does not assert or argue that Trooper Sanders's testimony is outweighed by the greater
weight of any contradictory evidence and does not point to any evidence to contradict
Trooper Sanders's testimony that Miller was intoxicated. We conclude that the evidence is
factually sufficient to support Miller's conviction for driving while intoxicated.

 The evidence is also legally and factually sufficient to support the jury verdict with
respect to Miller's two prior convictions for driving while intoxicated. On appeal, Miller
does not advance any argument to challenge the sufficiency of the State's evidence that
resulted in the jury's finding him guilty of two prior misdemeanor offenses for driving while
intoxicated. Based on these two prior convictions and Trooper Sanders's testimony about
the circumstances leading to Miller's arrest on February 19, 2006, the jury found Miller
guilty of felony driving while intoxicated. See Tex. Pen. Code Ann. § 49.09(b)(2) (Vernon
Supp. 2008) (An offense under section 49.04 of the Texas Penal Code is a felony offense if
the person has twice been previously convicted of any other offense relating to the operating
of a motor vehicle while intoxicated). (2) 

 In summary, we conclude that the evidence is legally and factually sufficient to
establish Miller's guilt of felony driving while intoxicated. We overrule Miller's first issue.

Batson Challenge Miller's second issue contends the trial court erred by failing to grant his Batson
challenge. See Tex. Code Crim. Proc. Ann. art. 35.261 (Vernon 2006); Batson v. Kentucky,
476 U.S. 79, 86, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). However, the transcript of the trial
reflects that Miller did not assert a Batson challenge during trial. Moreover, Miller provides
no argument or supporting authority for this claim. Consequently, Miller failed to preserve
this complaint for appellate review. See Tex. R. App. P. 33.1(a); Reese v. State, 936 S.W.2d
327, 328 (Tex. App.-Tyler 1996, pet. ref'd) (holding that Batson complaint not preserved
when no objection was made in the trial court and issue was not briefed on appeal). 

 Having overruled Miller's two issues, we affirm the judgment.

 AFFIRMED. 


 _____________________________

 HOLLIS HORTON

 Justice



Submitted on January 5, 2009

Opinion Delivered February 4, 2009

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. See Tex. Code Crim. Proc. Ann. art. 35.261 (Vernon 2006); Batson v. Kentucky,
476 U.S. 79, 86, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)
.
2. Although the Legislature amended the enhanced offense provision of the Texas Penal
Code after the commission of the alleged offense, there were no changes in the section
pertinent to this appeal. Compare Tex. Pen. Code Ann. § 49.09(b)(2) (Vernon Supp. 2008)
with Act of May 23, 2007, 80th Leg., R.S., ch. 662, §§ 4,5, 2007 Tex. Gen. Laws 1237,
1237-38. Therefore, we cite the current version.