In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00078-CR

                                                ______________________________

 

 

                                                                  

                                         EX PARTE:  ROY LEE HILL

 

 

                                                                                                  


 

 

                                        On
Appeal from the 76th Judicial District Court

                                                              Titus County,
Texas

                                                            Trial
Court No. 15435

                                                                              

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM  OPINION

 

            Roy
Lee Hill appeals the denial of his application for writ of habeas corpus.  He contends that his right to be free from
double jeopardy was violated after the trial court previously declared a
mistrial which allowed the State to amend its indictment and prosecute
him.  Because the court’s mistrial was
declared prior to the jury panel being sworn, we affirm the trial court’s
judgment.  

            The
Fifth Amendment to the United States Constitution and Article I, Section 14 of
the Texas Constitution prohibit double jeopardy and protect individuals from
being tried twice for the same offense, possibly receiving double
punishments.  Albernaz v. United
States, 450 U.S.
333, 343 (1981); Illinois v. Vitale, 447 U.S. 410, 415 (1980); Stephens
v. State, 806 S.W.2d 812, 814–15 (Tex. Crim. App. 1990).  A prerequisite to the implication of
double-jeopardy protections is the requirement that “jeopardy must have
attached initially.”  State v. Moreno, 294 S.W.3d 594, 597
(Tex. Crim. App. 2009).  In a jury trial,
jeopardy attaches only when a jury is impaneled and sworn.  Id.; Ex parte Preston, 833 S.W.2d 515, 517
(Tex. Crim. App. 1992).  Once the panel
is sworn, a defendant has a constitutional right to have his guilt or innocence
decided by that particular jury.  Hubbard v. State, 798 S.W.2d 798, 799–800
(Tex. Crim. App. 1990) (citing Torres v.
State, 614 S.W.2d 436, 441 (Tex. Crim. App. 1981)).  Because the jury panel in this case was not
sworn, jeopardy did not attach.    

            Despite
the fact that a jury was not sworn, Hill argues that the trial court’s
declaration of mistrial violated double jeopardy because no manifest necessity
existed to justify the mistrial.[1]  As stated in Dinkins v. State, “[t]he doctrine of manifest necessity is
inextricably fused with the concept of jeopardy.”  894 S.W.2d 330, 343 (Tex. Crim. App.
1995).  We need not indulge Hill’s
contention of lack of manifest necessity since “[j]eopardy principles pose no
bar to declaration of a mistrial when the jury has not been impaneled or sworn.”  Reese
v. State, 936 S.W.2d 327, 328 (Tex. App.––Tyler 1996, pet. ref’d) (citing Dinkins, 894 S.W.2d at 343).  In other words, because jeopardy did not
attach, the trial court was not required to have manifest necessity to declare
a mistrial to avoid double jeopardy.  

            We
affirm the trial court’s judgment.  

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          August
9, 2010

Date Decided:             August
10, 2010

 

Do Not Publish











[1]Double
jeopardy does not forbid multiple trials of a single criminal charge if the
first trial resulted in a mistrial that was justified under the manifest
necessity doctrine.  Arizona v. Washington, 434 U.S. 497, 505–06 (1978).