## JOE PITTMAN V. THE STATE.

No. 21212. Delivered November 13, 1940.

The opinion states the case.

*C. O. McMillan,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is assault with intent to murder with malice. The punishment assessed is confinement in the State penitentiary for a term of three years.

Appellant's main contention is that the court erred in declining to instruct the jury to acquit him on the ground that the uncontroverted evidence shows that in shooting Cecil Stephens, he acted in self-defense. We are of the opinion that his position is well-taken. The State's testimony shows that two days prior to the unfortunate occurrence, Mr. Stephens, the injured party, accompanied by his eleven-year old son, went up into North Texas for the purpose of selling potatoes. He left his wife and two daughters at home. Upon his return on Saturday night, of May 27, he found his family absent. He put his son on a bed for the night and then awaited the return of his wife and daughters. In a very short time, an automobile drove up in front of his home and stopped. He noticed that his wife and one of the daughters were riding on the front seat with the appellant, while his mother-in-law, father-in-law, and the other daughter occupied the rear seat. Mr. Stephens walked up to the car and said to the appellant: "I want to know what you're going to do; marry this woman, or, run around with her and me keep her up. I will just kill you and get it over with."

Appellant replied that he wasn't going with her. Mr. Stephens retorted, "I ought to kill you, and I might as well do it." He then walked towards the house, picked up an iron pipe about four feet long and started towards the car in which appellant was sitting. When Stephens reached a point variously estimated by the State's witnesses to be from two to three steps, appellant fired two shorts. One bullet took effect in the upper part of the chest and lodged under the shoulder-blade.

Appellant did not testify but rested his case upon the State's evidence.

There is nothing in the record to show any undue familarity on the part of appellant with the wife of the injured party which might have given him cause for his conduct at the time.

It is true the jury convicted the appellant, and their verdict is always respected and upheld by this court when there is evidence upon which it might have been based; but when the verdict is against the uncontroverted testimony, it is our solemn duty to set it aside. The conduct of the injured party at the time was of such a character as was reasonably calculated to create in the mind of appellant an apprehension or fear of death or serious bodily injury. Could any other reasonable inference be drawn from the serious threat made by the injured party, coupled with an immediate demonstration to carry the threat into execution? We think not. This being true, what were ap-

pellant's legal rights under the circumstances? To take such action as would protect him from imminent danger which confronted him at the time. Since the law accords to a person the right to defend himself against real or apparent danger such as would reasonably create in the mind of a person who is being attacked an apprehension or fear of death or serious bodily injury, it is our opinion that this doctrine should be given application here. In support of what we have said, we refer to the following authorities: Smith v. State, 15 Tex. Cr. App. 338; Chambless v. State, 77 S. W. 2; Clarkston v. State, 79 S. W. 304.

In the case of Smith v. State, supra, the facts proven upon the trial were in substance as follows: Appellant had gone a short distance from his home, procured two buckets of water and was returning to his home when he was overtaken by the deceased, driving a buggy. The deceased, in his buggy, followed appellant to his home, cursing him *en route* and declaring that he would kill him (appellant) before evening. When deceased arrived at appellant's home, he proposed to hire a party present to hold his horses so that he could get out and shoot the d— son—of a b—. Appellant went into his house, secured a double-barrel shotgun and, accompanied by his wife, returned to the yard. The wife took a position in front of her husband and between him and deceased, who lowered his buggy top and told her to get out of the way; that appellant would not dirt any more cotton for her. The defendant's wife refused to comply with the request, whereupon the deceased repeated the command, at the same time throwing his hand behind him and under his buggy cushion. The appellant asked his wife to get out of the way and immediately fired upon the deceased. No weapon of any kind seems to have been found on the person or in the buggy. Judge Hurt, in discussing the appellant's right of self-defense, said:

"Was the conduct of the deceased in this case of such character as was reasonably calculated to create in the mind of the defendant this apprehension of death or serious bodily harm? Could any other inference be drawn from his conduct than he intended to murder the defendant? Was not this the only reasonable conclusion which could be made from the facts? If so, is it not reasonable and just to presume that the defendant believed his life to be in danger, and shot his adversary to save his life? If there be any force in facts, if there be truth in witnesses, if there be reason in man, the defendant certainly believed his life to be in extreme danger. Not thus to believe under the circumstances of this homicide would argue him insane.

"Do the facts in this case bring the defendant clearly and fully within the rule stated above? If not, is it possible for a party accused of murder to make the rule a protection, notwithstanding the verdict of the jury? Or is this rule completely within the control of the jury, to be extended to or withheld from the defendant at their pleasure, be the evidence what it may? We are of the opinion that the evidence in this case fails to show the defendant guilty of murder, but, to the contrary, if such be possible, makes a case of self-defense beyond any sort of question, and that the verdict of the jury is not supported by the evidence."

From what has been said, it follows that the judgment must be reversed and the cause remanded, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.