# NO. 12-07-00151-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CLINTON BROWN,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*

Clinton Brown appeals his conviction for aggravated robbery. In one issue, Appellant claims that the trial court erred by failing to grant his motion for directed verdict. We affirm.

Appellant was charged by indictment with the offense of aggravated robbery, and the matter proceeded to a jury trial. During the guilt/innocence stage of trial, and after the State had rested, Appellant moved for a directed verdict, which was denied.[1] In his sole appellate issue, Appellant asserts that "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR DIRECTED VERDICT, AS THE EVIDENCE PRESENTED AT TRIAL WAS FACTUALLY INSUFFICIENT TO SUPPORT THE JURY'S VERDICT OF GUILTY FOR THE OFFENSE OF AGGRAVATED ROBBERY."

"A 'directed verdict' is commonly defined as the action taken by a trial judge in a jury trial to decide the issues in the case without allowing them to be submitted to the jury because, as a matter of law, the party with the burden of proof has failed to make a prima facie case for jury

---

[1] We have assumed, without deciding, that this motion for directed verdict was based on legal and factual insufficiency grounds.

consideration." ***State v. Lewallen***, 927 S.W.2d 737, 739 n.2 (Tex. App.–Fort Worth 1996, no pet.); *see also* BLACK'S LAW DICTIONARY 1555 (7th ed. 1999). The Texas Code of Criminal Procedure does not explicitly address the trial court's power to grant a directed verdict or the procedure necessary to seek such an action.[2] *See* 43 George E. Dix et al., *Texas Practice: Criminal Practice & Procedure* § 31.31 (2d ed. 2001). Where the Code of Criminal Procedure "fails to provide a rule of procedure in any particular state of case which may arise, the rules of the common law shall be applied and govern." TEX. CODE CRIM. PROC. ANN. art. 1.27 (Vernon 2005).

Under the current common law for criminal cases, a defendant may move for a directed verdict on the ground of legal insufficiency of the evidence. *See* ***Pittman v. State***, 140 Tex. Crim. 264, 265, 144 S.W.2d 569, 569 (1940); *see also* ***Canales v. State***, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003). The common law for criminal cases does not provide for a directed verdict on the ground of factual insufficiency of the evidence. *See* ***Turner v. State***, 101 S.W.3d 750, 761 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd); ***Isassi v. State***, 91 S.W.3d 807, 809 (Tex. App.–El Paso 2002, pet. ref'd); *see also* ***Willich v. State***, No. 12-04-00245-CR, 2005 WL 3201209, at *1 n.1 (Tex. App.–Tyler Nov. 30, 2005, pet. ref'd) (mem. op., not designated for publication). Therefore, because Appellant's sole appellate issue challenges on factual insufficiency grounds the denial of a motion for directed verdict, that issue is without merit. *See **id.*** We overrule Appellant's sole issue.

We ***affirm*** the judgment of the trial court.


   SAM GRIFFITH   
Justice


Opinion delivered September 3, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)

---

[2] A directed verdict is also termed an "instructed verdict." *See* BLACK'S LAW DICTIONARY 1555. Originally, the trial court was required to instruct the jury to return a verdict and could not simply discharge the jury and enter judgment. *See* ***State v. Westergren***, 707 S.W.2d 260, 263 (Tex. App.–Corpus Christi 1986, orig. proceeding). In modern times, the trial court has simply been permitted to enter the appropriate judgment. *See **id.***