IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-0821-08






STATE OF TEXAS, Appellant



v.



ERNESTO MORENO





ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW


IN CAUSE NO. 13-07-000352-CR FROM THE 13TH COURT OF APPEALS


NUECES COUNTY






Holcomb, J., filed a dissenting opinion.




 The trial court in this case made two egregious errors. The trial court's first egregious error 
was its refusal to allow the State's key witness, Officer Cox, to testify. Certainly, a trial court has
discretion to deal with the many unexpected situations that may arise during trial, such as the witness
Cox's delay in arriving at the courtroom. Marquez v. State, 921 S.W.2d 217, 223 (Tex.Crim.App.
1996); Johnson v. State, 583 S.W.2d 399, 405 (Tex.Crim.App. 1979). Nevertheless, a trial court must
direct the trial in a manner that facilitates the ascertainment of truth and that is consistent with the
rights of both the State and the accused. 23A C.J.S. Criminal Law § 1571 (2006). Here, the trial
court clearly abused its discretion in refusing to allow Cox to take the stand, even though he was right
outside the courtroom and ready to go. The trial court's action, which had no significant justification,
denied the State its fair opportunity to present all of its evidence of Moreno's guilt. 

 The trial court's second egregious error was its consideration of Moreno's motion for directed
verdict before the State rested its case-in-chief. A trial court has the authority, of course, to consider
a defendant's motion for directed verdict. Pittman v. State, 144 S.W.2d 569, 569 (Tex.Crim.App.
1940). Such a motion, and a trial court's consideration thereof, vindicate a defendant's constitutional
right not to be convicted except upon proof of all the elements of the offense beyond a reasonable
doubt. However, it is the rule in every jurisdiction, including this jurisdiction, that the trial court may
not consider such a motion until after the State has rested its case-in-chief, so that the State has a fair
opportunity to present all of its evidence of the defendant's guilt. State v. Westergren, 707 S.W.2d
260, 262 (Tex.App.-Corpus Christi 1986, no pet.); G. Dix & R. Dawson, 43 Texas Practice: Criminal
Practice and Procedure § 31.33 (2nd ed. 2001); W. LaFave, et al., Criminal Procedure § 24.6(b) (3rd
ed. 2007); 75A Am. Jur. 2d Trial § 887 (2007); 23A C.J.S. Criminal Law § 1733 (2006).

 But it was Moreno himself, taking advantage of the trial judge's impatience, who untimely
moved for a directed verdict before the State rested its case-in-chief, thereby goading the trial court
into erroneously considering and granting that motion, and who now seeks to benefit from the trial
court's error by claiming that it bars any further prosecution. We have uniformly held that a
defendant may not invite the trial court to commit an error and then take advantage of that error later
on. See Prystash v. State, 3 S.W.3d 522 (Tex.Crim.App. 1999); G. Dix & R. Dawson, 43A Texas
Practice: Criminal Practice and Procedure § 42.272 (2nd ed. 2001). Since this is a case of first
impression, common sense leads me to conclude that that rule applies in this case. Because Moreno
improperly invited the trial court to grant his untimely motion for directed verdict, he should now be
estopped from taking advantage of the trial court's erroneous grant of that motion and claiming that
further prosecution is jeopardy barred.

 The majority relies principally on Fong Foo v. United States, 369 U.S. 141 (1961). In that
case, however, the defendant did not goad the trial court into its erroneous, untimely directed verdict
of acquittal. In Fong Foo, unlike the instant case, the defendant did not invite the trial court's error. 
Thus, Fong Foo is distinguishable on its facts. The fact of the matter is that the Supreme Court has
never considered a case like the one before us today.

 Under our law, the trial court was not authorized to consider Moreno's untimely motion for
directed verdict until after the State rested its case-in-chief. Therefore, the trial court's order
prematurely granting Moreno's motion was, in my view, a nullity. What, then, should we consider
that order? Certainly, we are not bound by the trial court's labeling of that order. Should we
consider the order to be, as the State argues, a dismissal of the indictment? Possibly. However, the
trial court had no authority to dismiss the case without the State's agreement. State v. Johnson, 821
S.W.2d 609, 613 (Tex.Crim.App. 1991). 

 At the time Moreno untimely moved for a directed verdict, he could have properly moved for
a mistrial and the trial court could have properly granted a mistrial. Therefore, I conclude that we
should consider the trial court's order to be the granting of a mistrial at Moreno's request. Moreno,
by deliberately choosing to seek termination of his trial before the State had a fair opportunity to
present its case-in-chief, will suffer no injury cognizable under the Double Jeopardy Clause if he is
retried. See United States v. Scott, 437 U.S. 82, 93 (1978) (if defendant successfully seeks mistrial,
Double Jeopardy Clause does not bar retrial). In Scott the defendant successfully moved mid-trial
to have one of three counts in the indictment dismissed because of pretrial delay. The jury found him 
not guilty of the remaining counts. When the government attempted to retry him on the dismissed
count, the defendant pled that it was jeopardy barred. Justice Rehnquist, writing for the majority,
determined that in a situation such as that, in which a defendant chooses to avoid conviction, not
because the government has failed to make out a case against him but because of a legal claim that
the government's case against him must fail even though it might satisfy the trier of fact that he was
guilty beyond a reasonable doubt, the defendant by deliberately choosing to seek termination of the
trial suffers no injury cognizable under the Double Jeopardy Clause. The Clause, which guards
against government oppression, does not relieve a defendant of the consequences of his voluntary
choice. The opinion also recognized that the motion to dismiss that was made in that case was the
functional equivalent of a mistrial.

 In conclusion, it is my view that prosecution of the defendant in this case is not jeopardy
barred, because he voluntarily waived his constitutional right to have his guilt or innocence
determined by the jury. The trial court's action in granting the acquittal deprived the public of its
valued right to one complete opportunity to adjudicate someone accused of violating its laws.

 I respectfully dissent.


FILED: SEPTEMBER 23, 2009

PUBLISH