

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## No. PD-0821-08

**STATE OF TEXAS, Appellant**

**v.**

**ERNESTO MORENO**

### ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW
### IN CAUSE NO. 13-07-000352-CR FROM THE 13TH COURT OF APPEALS
### NUECES COUNTY

**HOLCOMB, J., filed a dissenting opinion.**

The trial court in this case made two egregious errors. The trial court's first egregious error was its refusal to allow the State's key witness, Officer Cox, to testify. Certainly, a trial court has discretion to deal with the many unexpected situations that may arise during trial, such as the witness Cox's delay in arriving at the courtroom. *Marquez v. State*, 921 S.W.2d 217, 223 (Tex.Crim.App. 1996); *Johnson v. State*, 583 S.W.2d 399, 405 (Tex.Crim.App. 1979). Nevertheless, a trial court must direct the trial in a manner that facilitates the ascertainment of truth and that is consistent with the rights of both the State and the accused. 23A C.J.S. *Criminal Law* § 1571 (2006). Here, the trial

court clearly abused its discretion in refusing to allow Cox to take the stand, even though he was right outside the courtroom and ready to go. The trial court's action, which had no significant justification, denied the State its fair opportunity to present all of its evidence of Moreno's guilt.

The trial court's second egregious error was its consideration of Moreno's motion for directed verdict before the State rested its case-in-chief. A trial court has the authority, of course, to consider a defendant's motion for directed verdict. *Pittman v. State*, 144 S.W.2d 569, 569 (Tex.Crim.App. 1940). Such a motion, and a trial court's consideration thereof, vindicate a defendant's constitutional right not to be convicted except upon proof of all the elements of the offense beyond a reasonable doubt. However, it is the rule in every jurisdiction, including this jurisdiction, that the trial court may not consider such a motion until after the State has rested its case-in-chief, so that the State has a fair opportunity to present all of its evidence of the defendant's guilt. *State v. Westergren*, 707 S.W.2d 260, 262 (Tex.App.–Corpus Christi 1986, no pet.); G. Dix & R. Dawson, 43 *Texas Practice: Criminal Practice and Procedure* § 31.33 (2nd ed. 2001); W. LaFave, *et al.*, *Criminal Procedure* § 24.6(b) (3rd ed. 2007); 75A Am. Jur. 2d *Trial* § 887 (2007); 23A C.J.S. *Criminal Law* § 1733 (2006).

But it was Moreno himself, taking advantage of the trial judge's impatience, who untimely moved for a directed verdict before the State rested its case-in-chief, thereby goading the trial court into erroneously considering and granting that motion, and *who now seeks to benefit from the trial court's error by claiming that it bars any further prosecution.* We have uniformly held that a defendant may not invite the trial court to commit an error and then take advantage of that error later on. *See Prystash v. State*, 3 S.W.3d 522 (Tex.Crim.App. 1999); G. Dix & R. Dawson, 43A *Texas Practice: Criminal Practice and Procedure* § 42.272 (2nd ed. 2001). Since this is a case of first impression, common sense leads me to conclude that that rule applies in this case. Because Moreno

improperly invited the trial court to grant his untimely motion for directed verdict, he should now be estopped from taking advantage of the trial court's erroneous grant of that motion and claiming that further prosecution is jeopardy barred.

The majority relies principally on *Fong Foo v. United States*, 369 U.S. 141 (1961). In that case, however, the defendant did not goad the trial court into its erroneous, untimely directed verdict of acquittal. In *Fong Foo*, unlike the instant case, the defendant did not invite the trial court's error. Thus, *Fong Foo* is distinguishable on its facts. The fact of the matter is that the Supreme Court has never considered a case like the one before us today.

Under our law, the trial court was not authorized to consider Moreno's untimely motion for directed verdict until after the State rested its case-in-chief. Therefore, the trial court's order prematurely granting Moreno's motion was, in my view, a nullity. What, then, should we consider that order? Certainly, we are not bound by the trial court's labeling of that order. Should we consider the order to be, as the State argues, a dismissal of the indictment? Possibly. However, the trial court had no authority to dismiss the case without the State's agreement. *State v. Johnson*, 821 S.W.2d 609, 613 (Tex.Crim.App. 1991).

At the time Moreno untimely moved for a directed verdict, he could have properly moved for a mistrial and the trial court could have properly granted a mistrial. Therefore, I conclude that we should consider the trial court's order to be the granting of a mistrial at Moreno's request. Moreno, by deliberately choosing to seek termination of his trial before the State had a fair opportunity to present its case-in-chief, will suffer no injury cognizable under the Double Jeopardy Clause if he is retried. *See United States v. Scott*, 437 U.S. 82, 93 (1978) (if defendant successfully seeks mistrial, Double Jeopardy Clause does not bar retrial). In Scott the defendant successfully moved mid-trial

to have one of three counts in the indictment dismissed because of pretrial delay. The jury found him not guilty of the remaining counts. When the government attempted to retry him on the dismissed count, the defendant pled that it was jeopardy barred. Justice Rehnquist, writing for the majority, determined that in a situation such as that, in which a defendant chooses to avoid conviction, not because the government has failed to make out a case against him but because of a legal claim that the government's case against him must fail even though it might satisfy the trier of fact that he was guilty beyond a reasonable doubt, the defendant by deliberately choosing to seek termination of the trial suffers no injury cognizable under the Double Jeopardy Clause. The Clause, which guards against government oppression, does not relieve a defendant of the consequences of his voluntary choice. The opinion also recognized that the motion to dismiss that was made in that case was the functional equivalent of a mistrial.

In conclusion, it is my view that prosecution of the defendant in this case is not jeopardy barred, because he voluntarily waived his constitutional right to have his guilt or innocence determined by the jury. The trial court's action in granting the acquittal deprived the public of its valued right to one complete opportunity to adjudicate someone accused of violating its laws.

I respectfully dissent.


FILED: SEPTEMBER 23, 2009

PUBLISH