# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3117

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Louis Black Lance, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: February 16, 2006
Filed:  June 30, 2006

_____

Before LOKEN, Chief Judge, LAY and SMITH, Circuit Judges.

_____

LOKEN, Chief Judge.

After a night of drinking, Louis Black Lance and his girlfriend, Joyce Little Elk, began arguing after Little Elk refused to continue driving Black Lance home. Little Elk was hospitalized later that morning with serious stomach injuries. She told family members, and later the authorities, that Black Lance dragged her from the car, threw her on the ground, and kicked her in the stomach. Black Lance was indicted for assault with a dangerous weapon (shod feet) and for assault resulting in serious bodily injury, violations of 18 U.S.C. §§ 113(a)(3), 113(a)(6), and 1153. Only Black Lance and Little Elk witnessed the alleged assault.

At trial, Little Elk testified that Black Lance kicked her in the stomach, causing her injuries. On cross examination, defense counsel brought out inconsistencies in Little Elk's previous descriptions of the incident and the fact that she and Black Lance were fighting and hitting each other. In the midst of the cross exam, Little Elk began crying and said, "I can't do this anymore." The district court called counsel to the bench and told the prosecutor that the government's case "just went out the window. She's completely lacking in credibility and you can't improve your case, you can't improve on her testimony." The court said that, based on the victim's testimony, it would grant a motion for acquittal because "no reasonable jury would ever convict this defendant based upon her testimony." Refusing the government's request for an opportunity to rehabilitate Little Elk, the court terminated the trial. The court subsequently entered an order dismissing the government's case with prejudice on the ground that the victim's inability to continue her testimony infringed the defendant's Sixth Amendment right of confrontation, and retrial was not a satisfactory remedy because "the alleged victim's testimony is totally lacking in consistency and reliability." The government appeals. Reviewing the issue *de novo*, we conclude that the Double Jeopardy Clause of the Fifth Amendment bars further prosecution. See United States v. Brekke, 97 F.3d 1043, 1046-47 (8th Cir. 1996) (standard of review), cert. denied, 520 U.S. 1132 (1997). Accordingly, we dismiss the appeal.

The governing statute, 18 U.S.C. § 3731, broadly permits appeals by the government in criminal cases "except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution." When the court directs an acquittal in a case being tried to a jury, the Double Jeopardy Clause prohibits a retrial or further prosecution "to the same extent it prohibits reexamination of an acquittal by jury verdict." Smith v. Massachusetts, 543 U.S. 462, 467 (2005). The Double Jeopardy Clause inquiry typically focuses on whether the defendant was acquitted of the charged offense. However, the word acquittal "has no talismanic quality for purposes of the Double Jeopardy Clause."

Serfass v. United States, 420 U.S. 377, 392 (1975). "[W]hat constitutes an 'acquittal' is not to be controlled by the form of the judge's action. Rather, we must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." United States v. Martin Linen Supply Co., 430 U.S. 564, 571 (1977) (citations omitted); see Smith, 543 U.S. at 468-69.

In this case, the district court's remarks at trial, and its reference to Little Elk's unreliable testimony in its order dismissing with prejudice, demonstrate that the court dismissed the case because it determined that the government failed to carry its burden of proving one or more "factual elements of the offense charged." The government argues that this mid-trial dismissal must be treated as "the functional equivalent of a mistrial" for Double Jeopardy Clause purposes because Rule 29 of the Federal Rules of Criminal Procedure authorizes the court to enter a judgment of acquittal only after the close of the government's case. This argument is refuted by a controlling Supreme Court decision not cited in the government's briefs, Fong Foo v. United States, 369 U.S. 141 (1962). In Fong Foo, the district court directed the jury to return acquittal verdicts in the middle of the government's case in part because of "a supposed lack of credibility in the testimony of the witnesses for the prosecution." 369 U.S. at 142. The court of appeals issued a writ of mandamus vacating the judgment of acquittal on the ground that the district court lacked power to direct acquittals in these circumstances. The Supreme Court reversed on Double Jeopardy Clause grounds:

> [The trial] terminated with the entry of a final judgment of acquittal as to each petitioner. The Court of Appeals thought, not without reason, that the acquittal was based upon an egregiously erroneous foundation. Nevertheless, the verdict of acquittal was final, and could not be reviewed without putting the petitioners twice in jeopardy, and thereby violating the constitution.

-3-

369 U.S. at 143 (quotation and alterations omitted). Here, as in <u>Fong Foo</u>, the district court's dismissal with prejudice was the functional equivalent of an acquittal, not a mistrial.

<u>Fong Foo</u> establishes that the protection of the Double Jeopardy Clause turns on whether the judge or jury has resolved one or more factual elements of the government's case, not on when that resolution occurs, a principle reinforced by the Court's subsequent decisions in <u>Martin Linen Supply</u>, 430 U.S. at 572-76, and in <u>Smith</u>, 543 U.S. at 473. This is consistent with the purpose of the Double Jeopardy Clause prohibition against successive trials -- to avoid giving the government the advantage of a retrial where it could use "what it learns at the first trial about the strengths of the defense case and the weaknesses of its own." <u>United States v. DiFrancesco</u>, 449 U.S. 117, 128 (1980). Here, for example, the government would no doubt better prepare Little Elk for a second trial and thereby deny Black Lance the benefit of his attorney's effective cross examination at the first trial. That explains why the district court stated in its written order that it was dismissing the case with prejudice to protect Black Lance's Sixth Amendment right of confrontation.

When the district court enters an order that is in effect an acquittal, 18 U.S.C. § 3731 precludes an appeal by the government. <u>See generally</u> <u>United States v. Wilson</u>, 420 U.S. 332, 337 (1975). Although the court commented that the government could appeal its ruling, Congress has denied us appellate jurisdiction to review an acquittal. Accordingly, the appeal is dismissed.

_____