

# NUMBER 13-07-000352-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                                                     Appellant,

v.

ERNESTO MORENO,                                                                         Appellee.

On appeal from the 214th District Court of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Benavides
### Memorandum Opinion by Chief Justice Valdez

The State attempts to appeal from a directed verdict of not guilty entered by the trial court as to appellee, Ernesto Moreno. Because no statutory ground for appeal of such a judgment exists, the appeal is dismissed for want of jurisdiction.

### I. BACKGROUND

Appellee pled not guilty to the offense of unlawful possession of cocaine in an amount of four grams or more, but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE

ANN. § 481.115 (Vernon 2003). Trial before a jury commenced on May 21, 2007. After presenting the testimony of three witnesses, the State called Nueces County Police Officer Cox. Officer Cox, however, failed to appear. When the trial court asked the State to call another witness, the prosecutor informed the court that it did not have any additional witnesses to present. Appellee then moved for an "instructed verdict" premised on the "fact that the State failed to meet any elements of the case." Although the State repeatedly informed the trial court that they "expected [Officer Cox] to [arrive] any second," the trial court granted appellee's motion and dismissed the jury. An order granting appellee's "motion for a directed verdict" was signed by the trial judge on May 24, 2007. This appeal ensued.

## II. JURISDICTION

By statute, the right of appeal afforded to the State is limited. *See* TEX. CODE. CRIM. PROC. ANN. art. 44.01 (Vernon Supp. 2007). Specifically, article 44.01(a) of the code of criminal procedure provides that the State may appeal orders that:

(1)  dismiss an indictment, information or complaint or any portion of an indictment, information or complaint;
(2)  arrest or modify a judgment;
(3)  grant a new trial;
(4)  sustain a claim of former jeopardy; or
(5)  grant a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.

*Id*. art. 44.01(a). The State may also appeal a sentence on the ground that it is illegal and may appeal a ruling on question of law if the defendant is convicted and appeals the judgment. *See id*. art. 44.01(b), (c).

On its face, the judgment in the instant case does not fall within one of the above-

2

listed categories from which the State is permitted to appeal. The State argues, however, that because the trial court granted the directed verdict before it rested its case, the judgment of acquittal is instead an improper dismissal of the State's indictment and therefore appealable under art 4.01(a)(1). The State contends that "until [it] rested its case or otherwise showed that it was unable or unwilling to proceed with additional evidence, the trial court had no authority to grant a directed verdict or otherwise pass upon the culpability of the defendant."

To support its appealability argument, the State cites *State v. Moreno*, 807 S.W.2d 327 (Tex. Crim. App. 1991). In *Moreno*, the court of criminal appeals held that the State has the power to appeal from any trial court order concerning an indictment or information, and the court of appeals has jurisdiction to address the merits of an appeal from such an order, whenever the order effectively terminates the prosecution in favor of the defendant. *Id*.

Article 44.01(a)(1), however, deals with the dismissal of charging instruments. *Taylor v. State*, 886 S.W.2d 262, 266 (Tex. Crim. App. 1994) (stating that 44.01(a)(1) does not embrace either an order of "acquittal" or an order dismissing a "prosecution" based on insufficient evidence). A motion to set aside, dismiss, or quash an indictment must be presented to the trial court *prior* to an announcement by that party that it is ready for trial. *See Neal v. State*, 150 S.W.3d 169, 176 (Tex. Crim. App. 2004) (stating that this rule serves to prevent unnecessary trials and deters the interruption of a trial on the merits for any objection relating to the charge's institution and presentation); *cf*. *State v. Stanley*, 201 S.W.3d 754, 757 (Tex. Crim. App. 2006) (holding that the State could appeal order dismissing charging instrument even when a pretrial motion to dismiss was carried through

close of evidence).

Here, appellee did not move to dismiss the indictment against him, and the trial court's order did not dismiss the indictment, improperly or otherwise. The parties had announced ready, the jury had been sworn, and three witnesses had finished testifying before the trial court granted appellee's directed verdict. Appellee moved for a directed verdict, not on the basis of an objection relating to presentation of the indictment, but on the "fact that the State failed to meet any elements of the case."

A judgment of acquittal is not a ground upon which the State may appeal. *See* TEX. CODE CRIM. PROC. ANN art. 44.01(a); *Taylor*, 886 S.W.2d at 265-66; *Moreno*, 807 S.W.2d at 332 n.6 (stating that it is well settled that a verdict of acquittal cannot be reviewed regardless of how egregiously wrong the verdict may be). Because the State did not present any other grounds upon which its appeal can be based, we conclude that we lack jurisdiction over this matter.

### III. CONCLUSION

The order granting appellee's directed verdict is not an appealable order under article 44.01(a)(1) of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1). Therefore, we are without jurisdiction to consider the State's appeal. We dismiss this appeal for want of jurisdiction.

_____
ROGELIO VALDEZ
Chief Justice

_____
Publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 1st day of May, 2008.

4