

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---
### NO. PD-0821-08
---

### THE STATE OF TEXAS

### v.

### ERNESTO MORENO, Appellee

---
### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### NUECES COUNTY
---

**KEASLER, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, PRICE, WOMACK, JOHNSON, HERVEY, and COCHRAN, JJ., join. HOLCOMB, J., filed a dissenting opinion.**

### O P I N I O N

Before the State rested its case-in-chief, the trial judge granted Ernesto Moreno's motion for a directed verdict. The State appealed the judge's ruling, but the court of appeals dismissed the case for want of jurisdiction, holding that the State lacks the statutory authority to appeal judgments of acquittal.[1] We affirm the court of appeals's judgment.

---

[1] *State v. Moreno*, 267 S.W.3d 65, 65-67 (Tex. App.—Corpus Christi 2008).

## Background

Ernesto Moreno was charged with possessing cocaine, weighing four grams or more but less than 200 grams. He pled not guilty, and a jury trial began on May 21, 2007. The jury was selected in the morning, and the trial was set to begin at 1:30 p.m. At 1:25, with the jury waiting, defense counsel asked the judge to address a pretrial motion concerning whether a statement made by Moreno's co-defendant to Officer Cox was testimonial and therefore inadmissible. After listening to counsels' arguments, the judge told the prosecutor to call Officer Cox. The prosecutor told the judge that Officer Cox was not present but that he was on his way to the courthouse. Because Officer Cox was not there to testify, the judge ruled that the statement was inadmissible. The prosecutor asked the judge if he would reconsider the issue after Officer Cox arrived. The judge responded that he had "already ruled. Because the jury's here. I've had them waiting 25 minutes for Cox to get here. He was under subpoena. Ordered to be here at 1:30. He's not here. He's not that interested in the case, I guess, so let's bring the jury in."

The trial began, and during the testimony of the State's third witness, the judge conducted a bench conference. He told the prosecutor that he knew that he was stalling because he was "waiting for a cop, but he ain't gonna help you." The judge also said that the State was "wasting my time and the jury's time" and needed to move on.

The State then called Officer Cox, who was not in the courtroom, but was "on the second floor" and "on his way up." The judge said that Officer Cox had been subpoenaed

for 1:30, and if he was not there in 30 seconds, the State needed to move on. Thirty seconds later, the judge told the prosecutor to call his next witness. The prosecutor replied that, other than Officer Cox, he did not have any additional witnesses, and he expected Officer Cox "any second." The judge asked the prosecutor if he rested, and the prosecutor said "[n]o."

Defense counsel then moved for a directed verdict, arguing that "the elements have not been met by the state." The judge excused the jury and then asked the prosecutor to respond. The prosecutor said that it was 2:55 and Officer Cox had just arrived and was waiting outside, ready to be called. The judge said that Cox had been subpoenaed for 1:30 and had failed to appear at the pretrial hearing. The prosecutor replied that Cox had been asleep. The judge said, "He was subpoenaed for 1:30. Your motion's granted." After the judge granted the motion, the prosecutor said, "But, Your Honor, have we – – we have met elements of the offense." The judge responded, "I don't think you did."

A few days later, the judge signed an order granting Moreno's motion for "a Directed Verdict." The judge granted the motion "after due consideration of said motion, having heard all of the evidence and arguments of counsel," and then the judge "dismissed [the cause] with Prejudice."

The State appealed the trial judge's order to the Corpus Christi Court of Appeals.[2] The State argued that the judge could not rule on a motion for a directed verdict until after

---

[2] *Id.* at 65.

the State rested.[3]  Because it had not rested, the order was really a dismissal of the indictment, which is appealable.[4]  The court of appeals rejected this argument, reasoning that the judge's order was an acquittal and therefore not appealable.[5]  The court dismissed the State's appeal for want of jurisdiction.[6]

The State petitioned us for review, asking that we reverse the court of appeals's decision.  We granted review and now affirm the court of appeals's judgment.

## Article 44.01

Article 44.01(a)(1), Texas Code of Criminal Procedure, allows the State to appeal an order that "dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint[.]"[7]  In enacting Article 44.01, the Texas Legislature intended to grant the State the same appellate powers as the United States Congress extended to the federal Government.[8]  Thus, we interpret the State's authority to appeal from an order "dismiss[ing] an indictment" under Article 44.01 in lockstep with the federal Government's

---

[3]  *Id.* at 66.

[4]  *Id.*

[5]  *Id.* at 66-67.

[6]  *Id.* at 67.

[7] TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1) (Vernon 2006).

[8]  *State v. Moreno*, 807 S.W.2d 327, 329, 332 (Tex. Crim. App. 1991).

authority to appeal under Title 18, United States Code, Section 3731.[9] The federal Government is entitled to appeal an order when an appeal is not "barred by the Constitution."[10]

## Double Jeopardy Clause

The Fifth Amendment to the United States Constitution prohibits any appeal that would put a defendant in jeopardy twice for the same offense.[11] Two requirements must be met before double-jeopardy protections are implicated.[12] First, jeopardy must have attached initially.[13] In a state or federal jury trial, jeopardy attaches when the jury is empaneled and sworn.[14] Second, the Government's appeal must threaten the defendant with an impermissible successive trial.[15] When a trial ends in an acquittal, one of the "most fundamental rule[s] in the history of double jeopardy jurisprudence" is that a defendant

---

[9] *See id.* at 329-30; *see also State v. Stanley*, 201 S.W.3d 754, 758 (Tex. Crim. App. 2006).

[10] *Stanley*, 201 S.W.3d at 758 (quoting *United States v. Wilson*, 420 U.S. 332, 339 (1975)).

[11] *Kepner v. United States*, 195 U.S. 100, 133 (1904).

[12] *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569 (1977).

[13] *Id.*

[14] *See id.*; *but see Ortiz v. State*, 933 S.W.2d 102, 105 (Tex. Crim. App. 1996) (In a bench trial, jeopardy attaches in federal court when the judge begins to hear evidence, but it attaches in state court when the defendant pleads to the charging instrument).

[15] *Sanabria v. United States*, 437 U.S. 54, 63 (1978).

cannot be tried again for that same offense.[16]  This long-settled principle prevents the "unacceptably high risk that the Government, with its vastly superior resources, might wear down the defendant so that 'even though innocent, he may be found guilty.'"[17]  Therefore, when a trial ends, after jeopardy has attached, with a judgment of acquittal, "whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict," any further prosecution, including an appeal, is prohibited by the Double Jeopardy Clause.[18]

## Analysis

The State argues that the trial judge's order granting Moreno's motion for a directed verdict should not be construed as a judgment of acquittal.  Rather, the State urges us to read the order as a dismissal of the indictment, which it is entitled to appeal under Article 44.01(a)(1).

We will therefore start by categorizing the judge's order to determine whether this appeal is jeopardy barred.  In doing so, we are not bound by the trial judge's label; instead,

---

[16] *Martin Linen*, 430 U.S. at 571 (citing *United States v. Ball*, 163 U.S. 662, 671 (1896)).

[17] *United States v. Scott*, 437 U.S. 82, 91 (1978) (quoting *Green v. United States*, 355 U.S. 184, 188 (1957)).

[18] *Id.*; *but see United States v. Wilson*, 420 U.S. 332, 352-53 (1975) (The Double Jeopardy Clause does not bar a prosecution appeal to reinstate a jury's verdict of guilty when a judge sets it aside and enters a judgment of acquittal).

we must examine the substance of the order.[19]

A defendant is acquitted when "the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged."[20] In *United States v. Martin Linen Supply*, the Supreme Court of the United States addressed an acquittal based on insufficient evidence.[21] In that case, the district judge granted the defendant's motion to acquit the defendant under Federal Rule of Criminal Procedure 29(c).[22] When ruling on the motion, the judge commented that the Government failed to prove the elements of the offense.[23] The Supreme Court held that the order was an acquittal within the meaning of the Double Jeopardy Clause because the judge evaluated the sufficiency of the evidence when entering the order.[24] Therefore, the Government's appeal was barred.[25]

A dismissal, in contrast, does not involve a final determination of guilt or innocence.[26]

---

[19] *Martin Linen*, 430 U.S. at 571; *Stanley*, 201 S.W.3d at 760.

[20] *Martin Linen*, 430 U.S. at 571.

[21] *Id.* at 572.

[22] *Id.* at 566.

[23] *Id.* at 572.

[24] *Id.* at 572.

[25] *Id.* at 574.

[26] *Scott*, 437 U.S. at 92.

The Supreme Court examined this principle in *United States v. Scott*.[27] There the district judge granted the defendant's motion to dismiss two counts of the indictment, based on preindictment delay, after the parties finished presenting all of their evidence.[28] The Court held that the order was a dismissal, not an acquittal, because it was the result of "a legal claim that the Government's case against him must fail even though it might satisfy the trier of fact that he was guilty beyond a reasonable doubt."[29] Thus, the Double Jeopardy Clause did not preclude a retrial or a Government appeal because the defendant voluntarily requested the midtrial dismissal on a basis unrelated to the Government's failure to produce sufficient evidence to convict.[30]

The order here is similar to the order in *Martin Linen*. Although labels do not control the characterization of an order, the trial judge granted Moreno's motion for "a Directed Verdict," which is comparable to the Rule 29(c) order of acquittal in *Martin Linen*. Beyond the mere label, the judge's obvious intent was to acquit Moreno. Moreno asked for a directed verdict because "the elements have not been met by the state." And like the judge in *Martin Linen*, who said that the Government had failed to prove the elements of the offense, the trial judge in this case explicitly ruled that the State had not met the required elements. He later

---

[27] *Id.*

[28] *Id.* at 84.

[29] *Id.* at 96.

[30] *Id.* at 98-99.

entered an order memorializing that ruling. The judge granted Moreno's motion after considering the legal sufficiency of the evidence. Therefore, the judge's order here fit the Supreme Court's definition of an acquittal, not a dismissal; it is "a resolution, correct or not, of some or all of the factual elements of the offense charged."[31]

The State, however, urges us to construe the order as a dismissal of the indictment because it contends that the judge lacked the authority to direct a verdict. In doing so, the State offers two theories. We will address each in turn.

First, the State argues that the judge lacked the authority to direct a verdict before the State rested its case. The State relies on *Ex parte George*, which states that an "acquittal" is an "official factfinding" that is "made in the context of an adversary proceeding," and it is "not the decision of a person without lawful authority to decide."[32] In that case, the judge signed a judgment of acquittal after the prosecutor failed to consent to the defendant's jury-trial waiver.[33] We held that the judge was not authorized to decide the defendant's culpability, so the order was not an acquittal and the retrial was not barred by Article 1.11.[34]

The State's reliance on *Ex parte George* is misplaced. That case was "not really about

---

[31] *See Martin Linen*, 430 U.S. at 571.

[32] 913 S.W.2d 523, 527 (Tex. Crim. App. 1995).

[33] *Id.* at 525.

[34] *Id.* at 527.

double jeopardy, state or federal" because jeopardy never attached.[35] Rather, that case dealt with the "conditions under which a person is acquitted for purposes of Texas statutory prohibitions against retrial after an acquittal."[36] The definition of "acquittal" under state law is "not binding" as a "matter of double jeopardy law."[37] Furthermore, the legislative history of Article 44.01 dictates that we look to federal law when deciphering the parameters of the State's right to appeal, apparently to avoid an unnecessary statutory grant when the appeal would nevertheless be barred by the federal Double Jeopardy Clause.

The problem with the State's argument, as a matter of federal law, is that it has been presented and rejected numerous times in the federal courts, and the answer is now controlled by well-established precedent. The facts of this case are strikingly similar to the seminal case of *Fong Foo v. United States*.[38] In that case, the district judge directed a verdict of acquittal before the Government finished presenting its evidence because of a supposed lack of witness credibility and prosecutorial misconduct.[39] The First Circuit Court of Appeals held that the judge did not have authority to enter a verdict before the Government rested its

---

[35] *Id.* at 525.

[36] *Id.*

[37] *Smith v. Massachusetts*, 543 U.S. 462, 468-69 (2005) (quoting *Smalis v. Pennsylvania*, 476 U.S. 140, 144 n.5 (1986)).

[38] 369 U.S. 141 (1962).

[39] *Id.* at 142.

case.[40] The Supreme Court recognized that the judge's actions were "egregiously erroneous," but nevertheless held that the Double Jeopardy Clause prohibited the court of appeals from setting aside the verdict of acquittal and subjecting the defendant to another trial.[41]

Numerous cases after *Fong Foo* reinforced the principle that the Double Jeopardy Clause bars further prosecution, including prosecution-initiated-appellate review, even if the acquittal resulted from patent judicial error.[42] For example, in *Sanabria v. United States*, the trial judge excluded certain evidence as irrelevant and then held that the remaining evidence was insufficient.[43] The Supreme Court held that the acquittal for insufficient evidence could not be appealed, even though it resulted from an erroneous evidentiary ruling.[44]

In both *Fong Foo* and Moreno's case, the judge entered a verdict of acquittal before the State rested its case. We understand that the judge here was exasperated with the delays, but when a key witness, for either side, is right outside the doors, ready to testify, it is unacceptable and inexcusable not to allow his or her testimony. But the case law is clear that even erroneous acquittals bar further prosecution. The determining factor is whether the

---

[40] *In re United States*, 286 F.2d 556, 563 (1st Cir. 1961).

[41] *Fong Foo*, 369 U.S. at 143.

[42] *See Yeager v. United States*, 129 S. Ct. 2360, 2368 (2009); *Smith*, 543 U.S. at 462; *Sanabria*, 437 U.S. at 69; *Martin Linen*, 430 U.S. at 571-72; *United States v. Black Lance*, 454 F.3d 922, 924-25 (8th Cir. 2006).

[43] 437 U.S. at 58-59.

[44] *Id.* at 68-69.

judgment resolved any of the ultimate elements of the offense. As noted above, the trial judge in this case explicitly ruled that the State had not met the required elements of its case. Although the judge based this ruling on his earlier determination that the statement made to Officer Cox was inadmissible, *Sanabria* dictates that an acquittal for insufficient evidence, even when it results from an erroneous exclusion of evidence, is still jeopardy barred. The record shows that the judge made a ruling on the sufficiency of the evidence to convict Moreno. Revisiting that determination, even on appellate review, would put Moreno in jeopardy again for the same offense, which the Double Jeopardy Clause prohibits.

The dissent declares that the order granting the directed verdict is a nullity, and the trial judge's actions should be characterized as granting a mistrial at the defendant's request.[45] This approach ignores the fact that Moreno did not request, and the trial judge did not grant, a mistrial in form or substance. The defining feature of a mistrial is that the order contemplates further prosecution.[46] When a mistrial is declared, the Double Jeopardy Clause is not violated if "the defendant is responsible for the second prosecution."[47] A defendant's "voluntary choice"[48] and "deliberate election"[49] to seek a mistrial and give up the "valued

---

[45] *See Fong Foo*, 369 U.S. at 144 (Clark, J., dissenting).

[46] *Lee v. United States*, 432 U.S. 23, 30 (1977).

[47] *Scott*, 437 U.S. at 96.

[48] *Id.* at 99.

[49] *Id.* at 93.

right to have his trial completed by a particular tribunal" must be clear before we will excuse double-jeopardy protection.[50] Here, Moreno never expressed an intent to relinquish his right to have the merits determined in the current proceeding. Furthermore, the order granted "Defendant's Oral Motion for a Directed Verdict" on the merits and "dismissed [the case] with Prejudice," expressly contemplating an end to all prosecution for the offense.

Although not raised by the State, the dissent alternatively claims that Moreno invited the trial judge's erroneous ruling, so he should be prevented from benefitting from it on appeal. The invited-error doctrine estops a party from complaining that a trial judge erred when that party affirmatively sought the ruling.[51] Here, it is the State, not Moreno, who complained about the trial judge's ruling before the court of appeals. Therefore, in this case, the invited-error doctrine neither prohibits Moreno, the prevailing party, from arguing that the trial judge's ruling should be upheld nor operates to preclude the State appealing the trial judge's ruling on the basis that it was erroneous.

Second, the State challenges the underlying authority of any Texas trial judge to direct a verdict of acquittal. The State did not raise this issue in the trial court. We have continually required parties to demonstrate that they "convey[ed] to the trial judge the particular complaint, including the precise and proper application of the law as well as the

---

[50] *Id.* at 100 (quoting *United States v. Jorn*, 400 U.S. 470, 556 (1971) (opinion of Harlan, J.)).

[51] *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999).

underlying rationale" as a prerequisite to appellate review.[52] Additionally, the issue was never raised before, or decided by, the court of appeals. The court of appeals must reach a "decision" before we will review the issue.[53] Because the State did not preserve this ground below and the court of appeals did not decide the issue, we dismiss it as improvidently granted.[54]

## Conclusion

The trial judge entered a verdict of acquittal after jeopardy attached. Because the State is not authorized to appeal an acquittal, we affirm the court of appeals's judgment dismissing the appeal for want of jurisdiction.

DATE DELIVERED: September 23, 2009
PUBLISH

---

[52] *Pena v. State*, 285 S.W.3d 459, 463-64 (Tex. Crim. App. 2009); *see also* TEX. R. APP. P. 33.1.

[53] Tex. R. App. P. 66.1; *see also Stringer v. State*, 241 S.W.3d 52, 59 (Tex. Crim. App. 2007).

[54] *See Mays v. State*, No. PD-0670-07, 2009 WL 1066936, at *5 (Tex. Crim. App. April 22, 2009); *but see Rhodes v. State*, 240 S.W.3d 882, 887 n.9 (Tex. Crim. App. 2007).