Opinion issued October 28, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00570-CR

———————————

Cecil Cherian,
Appellant

V.

The State of Texas, Appellee



 



 

On
Appeal from the 339th District Court

Harris
County, Texas



Trial Court Case No. 1149359

 



 

MEMORANDUM OPINION

Appellant, Cecil Cherian, was charged by
indictment with Intoxication Manslaughter.[1]  Appellant pleaded guilty.  After a presentence investigation hearing,
the trial court assessed punishment at 15 years’ confinement.  In two points of error, appellant argues that
the doctrines of double jeopardy and collateral estoppel precluded the trial
court from determining that a prior offense involved alcohol when the State had
reduced the charge in the prior case from Driving While Intoxicated to
Obstruction of a Highway.

We affirm.

                                                                                                                                                                
Background

The issues on this appeal relate to certain evidence
considered by the trial court in sentencing appellant.  Specifically, appellant complains about the
consideration of certain testimony of Officer D. Senter of the Friendswood
Police Department regarding appellant’s intoxication in the prior obstruction
of a highway case (the “prior case”).

Officer Senter testified that around 5:00 in the morning
on May 13, 2006, he was working with another officer to clear a motor vehicle
accident from F.M. 2351.  Officer Senter
was in his patrol car and the other officer was about to get in when appellant
drove by at a speed exceeding the speed limit. 
Appellant’s car came 12 to 24 inches from the other officer as appellant
drove by him.  Officer Senter pursued
appellant and pulled him over.  

Upon approaching appellant, Officer Senter detected the
odor of alcohol.  Appellant told Officer
Senter that he had consumed two cocktails containing vodka, but later admitted
to having more.  Officer Senter performed
a field sobriety test and took him into custody for driving while
intoxicated.  The video containing the
field sobriety test was admitted without objection.  When State’s counsel asked Officer Senter his
opinion about whether appellant had lost the normal use of his mental or
physical faculties at that time, the following exchange occurred:

[Appellant’s counsel]: Judge, this goes to an
essential element of the crime and I’m going to object on that basis.

The Court: Overruled.  He may answer.  He may give his personal opinion based upon
his observations.

A.      I did.

Q.      Okay.  What was your opinion?

A.      I
believe[d] him to be intoxicated.

The State subsequently amended its charge in the prior
case from driving while intoxicated to obstruction of a highway or other
passageway.[2]  Appellant pleaded nolo contendere and waived his right to a jury.  On April 27, 2007, the trial court in the
prior case found appellant guilty, sentenced him to 180 days in a county jail,
suspended the sentence, and placed him on community supervision for 12 months.  Among the conditions of appellant’s community
supervision were the requirements that appellant abstain from the use of
alcohol in any form at any time and never become intoxicated.

Less than seven months later, appellant committed the
offense of intoxication manslaughter by driving the wrong direction on Interstate
45 in Harris County, Texas with an alcohol concentration of 0.24, colliding
with an oncoming car, and killing the driver.

          
Admissibility of Evidence of Appellant’s
Intoxication as a Part of His Obstruction of a Highway Offense

In two points of error, appellant argues that the doctrines
of double jeopardy and collateral estoppel precluded the trial court from
determining that a prior offense involved alcohol when the State had reduced the
charge from driving while intoxicated to obstruction of a highway or other
passageway.

A.              
Standard of Review

We
review a trial court’s decision to admit or exclude evidence for abuse of
discretion.  Green v. State, 934
S.W.2d 92, 101–02 (Tex. Crim. App. 1996). 
If the trial court’s evidentiary ruling is within the “zone of
reasonable disagreement,” there is no abuse of discretion, and the reviewing court
must uphold the trial court’s ruling.  Id.
at 102.  All relevant evidence is
admissible, except as otherwise provided by constitution, by statute, by the
rules of evidence, or by other rules prescribed pursuant to statutory
authority.  Tex. R. Evid. 402.  Evidence
is relevant if it tends to make the existence of any consequential fact more or
less probable than it is without the evidence. 
Tex. R. Evid  401.  

In all criminal cases, after a
finding of guilt by either a judge or a jury, both parties may offer any
evidence relevant to sentencing.  Tex. Code Crim. Proc. Ann. art. 37.07
§ 3(a)(1) (Vernon Supp. 2010); Rivera v. State, 123 S.W.3d 21, 30
(Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).  This evidence may include the defendant’s
prior criminal record, character testimony, reputation testimony, or evidence
of extraneous crimes or bad acts the defendant has been shown, beyond a
reasonable doubt, to have committed.  Rivera, 123 S.W.3d at 30.  The determination of what is “relevant” in
regard to punishment, under article 37.07 section 3(a), “should be a question
of what is helpful to the jury in determining the appropriate sentence in a
particular case.”  Mendiola v. State,
21 S.W.3d 282, 285 (Tex. Crim. App. 2000).

B.              
Double Jeopardy

Appellant argues that, by reducing the charge against
appellant from driving while intoxicated to obstruction of a highway or other
passageway, the State “implicitly decid[ed] that the only offense for which
Appellant was guilty in that matter did not ‘involve alcohol.’”  Accordingly, appellant argues, when he was
found guilty of obstructing a highway or other passageway, he was also
acquitted of driving while intoxicated, and double jeopardy attached to any
claims that he was drunk at the time.

The State argues that appellant did not raise this issue
in the trial court and, as a result, has waived any error in the introduction
of the relevant testimony.  The State
also acknowledges, however, that a double-jeopardy claim can be raised for the
first time on appeal “when the undisputed facts show the double jeopardy
violation is clearly apparent on the face of the record and when enforcement of
usual rules of procedural default serves no legitimate state interests.”  Gonzalez
v. State, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000).  Accordingly, we consider whether the
undisputed facts show that appellant’s claim of a double-jeopardy violation is
clearly apparent on the face of the record and whether enforcement of the usual
rules of procedural default serves no legitimate state interests.

“There are three distinct types of double jeopardy claims:
(1) a second prosecution for the same offense after acquittal; (2) a second
prosecution for the same offense after conviction; and (3) multiple punishments
for the same offense.”  Langs v. State, 183 S.W.3d 680, 685
(Tex. Crim. App. 2006).  Appellant’s
argument is based on the first type of double-jeopardy claim.  He argues that he was implicitly acquitted of
driving while intoxicated by his being found guilty of obstruction of a highway
or other passageway.

“A defendant is acquitted when ‘the ruling of the judge,
whatever its label, actually represents a resolution, correct or not, of some
or all of the factual elements of the offense charged.’”  State
v. Moreno, 294 S.W.3d 594, 598 (Tex. Crim. App. 2009) (quoting U.S. v. Martin Linen Supply Co., 430
U.S. 564, 571, 97 S. Ct. 1349, 1354–55 (1977)).

A person commits the offense of the driving while
intoxicated “if the person is intoxicated while operating a motor vehicle in a
public place.”  Tex. Penal Code Ann. § 49.04(a) (Vernon 2003).  As it pertains to appellant, a person commits
the offense of obstruction of a highway or other passageway if the person (1)
obstructs a street “regardless of the means of creating the obstruction and
whether the obstruction arises from his acts alone or from his acts and the
acts of others” or (2) “disobeys a reasonable request or order to move issued
by a person the actor knows to be or is informed is a peace officer.”  Tex.
Penal Code Ann. § 42.03(a) (Vernon 2003).

There are no common factual elements between driving while
intoxicated and obstruction of a highway or other passageway.  Accordingly, double jeopardy could not have
attached to the charge of driving while intoxicated.  Additionally, it is evident from the case law
that an acquittal requires an affirmative ruling and is not created
“implicitly.”  See Moreno, 294 S.W.3d at 598 (requiring ruling by judge or trier
of fact).

We overrule appellant’s second point of error.

C.              
Collateral Estoppel

Appellant argues that the State’s change of its charge
against him from driving while intoxicated to obstruction of a highway or other
passageway triggered the doctrine of collateral estoppel and prevented the
State from introducing evidence relating to appellant’s intoxication during
that offense.

The State argues that this complaint has also been waived
because appellant did not raise a proper objection to the relevant testimony at
the presentence investigation hearing. 
Two of our sister courts have held in published opinions that a
collateral-estoppel complaint cannot be raised for the first time on appeal.  Gonzalez
v. State, 301 S.W.3d 393, 400 (Tex. App.—El Paso 2009, pet. ref’d); Hughes v. State, 16 S.W.3d 429, 431
(Tex. App.—Waco 2000, no pet.).

Even if we were to hold that a collateral-estoppel
complaint could be raised for the first time on appeal, we still find no error.  In order to determine whether collateral
estoppel bars relitigation of certain facts, “courts must determine ‘(1)
exactly what facts were “necessarily decided” in the first proceeding; and (2)
whether those “necessarily decided” facts constitute essential elements of the
offense in the second trial.’”  Ex parte Taylor, 101 S.W.3d 434, 440
(Tex. Crim. App. 2002) (quoting Neal v.
Cain, 141 F.3d 207, 210 (5th Cir. 1998)). 
Appellant does not point to any facts “necessarily decided” in the first
proceeding that constituted essential elements of the offense litigated in this
case.  Instead, appellant merely argues
that the State effectively conceded that it could not prove appellant was
intoxicated when it changed the charge to obstruction of a highway or other
passageway.  Even if we were to take this
as true, collateral estoppel still would not apply.  As stated, collateral estoppel applies to
facts “necessarily decided” in a proceeding. 
Id.  The State’s determinations as to what crimes
to charge a person are not decided in a proceeding; nor are those
determinations facts.

We overrule appellant’s first point of error.

                                                                                                                                                                   
Conclusion

We affirm the judgment of the trial court.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Bland.

Do not publish.   Tex. R.
App. P. 47.2(b).











[1]           See Tex. Penal Code Ann. § 49.08(a) (Vernon
Supp. 2010).





[2]           See Tex. Penal Code Ann. § 42.03(a) (Vernon
2003).