# NO. 12-10-00114-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *QUINTINE AARON SHARPE,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Quintine Aaron Sharpe appeals his conviction for three counts of burglary of a habitation. In his sole issue on appeal, Appellant argues that his sentence is void. We affirm.

### BACKGROUND

Appellant was charged by information with three counts of burglary of a habitation, a second degree felony.[1] Appellant pleaded "guilty" to the offense charged in the information.[2] On March 31, 2010, the trial court held a sentencing hearing on Appellant's burglary of a habitation offense. The hearing also included sentencing Appellant for another offense, theft.[3] During that hearing, Appellant testified that he wanted to receive three years of imprisonment, instead of four and eight years of deferred adjudication as offered by the State. On cross

---

[1] *See* TEX. PENAL CODE ANN. § 30.02(a)(3), (c)(2) (Vernon 2003).

[2] Although there is no record of Appellant's plea of guilty, he acknowledged at his sentencing hearing on March 31, 2010, that he entered a guilty plea on March 5, 2010. Further, he pleaded guilty at the "resumption" of the sentencing hearing on April 1, 2010.

[3] Appellant is not appealing his conviction for theft.

examination, Appellant stated that eight years was a long time, and that he did not want to get to the seventh year of the deferred adjudication, be revoked, and "have to go do some pen time." He stated that he would prefer to "just do it now and get it all off [his] back." Throughout the hearing, Appellant insisted that he would rather go to the penitentiary than serve out a probated sentence.

At the conclusion of the hearing, the trial court adjudged Appellant guilty as charged of theft and assessed his punishment at one year of confinement. However, the trial court deferred further proceedings without entering an adjudication of guilt on the three counts of burglary of a habitation, and ordered that Appellant be placed on deferred adjudication community supervision for eight years.[4] After sentencing, Appellant again insisted that he wanted to "get it over with." Then, the trial court adjourned the hearing.

The next day, April 1, 2010, the trial court formally admonished Appellant on the sentencing range for both offenses. Appellant pleaded guilty to both offenses, stated that his pleas were being made freely and voluntarily, and waived his right to a jury trial and to indictment by a grand jury. The trial court stated that it was "redoing" Appellant's sentencing because it believed that when Appellant pleaded guilty in March, he had signed "these papers about these rights and warnings . . . [but when] they were located, [Appellant] had not signed them." Thus, the trial court stated that it was "going over them orally so that [Appellant] understand[s] there's no question about whether or not [he was] told about [his] rights." Further, the trial court stated that it was "undoing what [it] did yesterday and repeating it to get the papers right." At that point, the following exchange occurred:

> THE COURT:   Because [defense counsel] said that he was going to go over the papers and get you to sign them, but there was some misunderstanding or something and you didn't want to sign them. Is that right?
>
> APPELLANT: Yes, sir.
>
> THE COURT:   Do you want to sign them or you just want to let it go –
>
> APPELLANT:   He say if I don't sign them I - - I revoke my probation.   That's what I want to do because I'm not about to do a year in state jail and still come out on probation.

---

[4] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2010).

2

THE COURT: Okay. You're saying you don't want to do any probation?

APPELLANT: I'm not about to do a year in state jail and still come out on eight years deferred.

THE COURT: Okay. Well, you understand yesterday you said you wanted three years TDC, right?

APPELLANT: Yes, sir.

THE COURT: If you go to TDC it's going to be for a lot longer than that.

APPELLANT: Yes, sir.

THE COURT: So what do you want to do?

APPELLANT: I'm not about to do a year and still come out on eight years deferred.

THE COURT: So you'd rather do 20?

APPELLANT: I do know –

THE COURT: Sir?

APPELLANT: You said something about did the DA have an offer or something.

THE COURT: The DA made an offer for probation on both of them. Based on your criminal history, I'm rejecting that offer.

APPELLANT: He said –

THE COURT: And yesterday you heard what my decision was. And you're saying today you don't want to do that, right? Then your choice is to go do it anyway or just say, Judge, give me some time. You don't get to pick the number, but it's not going to be three.

APPELLANT: Give me some time. I'd like to do –

THE COURT: I'm sorry. I can't hear you.

APPELLANT: I'm not about to do a year and then still come out and do eight years deferred.


Following this discussion, the trial court accepted Appellant's pleas of guilty to both offenses, found him guilty of both offenses, assessed his punishment at two years of confinement for the offense of theft, and assessed his punishment at ten years of imprisonment for the three counts of the offense of burglary of a habitation.[5] The trial court ordered that the sentences be

---

[5] An individual adjudged guilty of a second degree felony shall be punished by imprisonment for any term of not more than twenty years or less than two years and, in addition, a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33 (Vernon Supp. 2010).

served concurrently.   This appeal followed.

**VOID SENTENCE**

In his sole issue, Appellant argues that his sentence for the three counts of burglary of a habitation is void.   More specifically, he contends that once the trial court adjourned for the day and he was removed from the courtroom, he began serving his sentence and the trial court lost its plenary power to modify the sentence.   The State disagrees, arguing that Appellant's deferred adjudication community supervision was not a sentence for the purpose of double jeopardy and the trial court retained its plenary power to modify the sentence.

**Applicable Law**

At a minimum, a trial court retains plenary power to modify its sentence if a motion for new trial or motion in arrest of judgment is filed within thirty days of sentencing.  *State v. Aguilera*, 165 S.W.3d 695, 697-98 (Tex. Crim. App. 2005).   A trial court also retains plenary power to modify its sentence if the modification is made on the same day as the assessment of the initial sentence and before the court adjourns for the day.   *Id.* at 698.   However, when a defendant receives deferred adjudication, no sentence is imposed.   *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004).

"[I]f a party affirmatively seeks action by the trial court, that party cannot later contend that the action was error."   *Druery v. State*, 225 S.W.3d 491, 505-06 (Tex. Crim. App. 2007) (quoting *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999)).   The doctrine of invited error is properly thought of, not as a species of waiver, but as estoppel.   *Prystash*, 3 S.W.3d at 531.   Thus, the invited error doctrine estops a party from complaining that a trial judge erred when that party affirmatively sought the ruling.   *State v. Moreno*, 294 S.W.3d 594, 601 (Tex. Crim. App. 2009).

**Analysis**

In this case, the trial court ordered on March 31, 2010, that Appellant be placed on deferred adjudication community supervision for eight years for three counts of the offense of burglary of a habitation.   The next day, the trial court found Appellant guilty and assessed his punishment at ten years of imprisonment for that offense.   Because the trial court did not impose a sentence when it

placed Appellant on deferred adjudication community supervision, Appellant's sentence of April 1, 2010 is not void.  *See Taylor*, 131 S.W.3d at 502.

Further, the day after he was placed on community supervision, Appellant told the trial court that he did not want to be placed on eight years of deferred adjudication community supervision, and requested time in the penitentiary.   He also stated that he refused to sign the plea papers in the understanding that refusing to do so would revoke his community supervision.   "[I]f a party affirmatively seeks action by the trial court, that party cannot later contend that the action was error."  *See Druery*, 225 S.W.3d at 505-06.   Because Appellant invited error by orally requesting the trial court sentence him to the penitentiary the day after he was placed on deferred adjudication community supervision, he is estopped from claiming on appeal that the trial court erred by sentencing him to imprisonment.  *See Clark v. State*, No. 05-09-00004-CR, 2010 WL 987759, at *3 (Tex. App.—Dallas Mar. 19, 2010, no pet.) (not designated for publication) (defendant orally requesting that trial court proceed to final adjudication is estopped to claim on appeal that trial court erred by proceeding without written motion); *see also Moreno*, 294 S.W.3d at 601; *Prystash*, 3 S.W.3d at 531.

Appellant's sole issue is overruled.


## DISPOSITION

The judgment of the trial court is *affirmed*.


**SAM GRIFFITH**
Justice

Opinion delivered January 5, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5