

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00262-CR

**THE STATE OF TEXAS,**

                                   **Appellant**

 **v.**

**RICARDO TOBIAS,**

                                   **Appellee**

---

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 13-02737-CRF-272

---

## MEMORANDUM  OPINION

---

Ricardo Tobias was charged with the offense of indecency with a child by contact. TEX. PENAL CODE ANN. §21.11. The trial court granted Tobias's "Motion to Suppress Unsubstantiated Evidence" immediately prior to the jury being sworn and excluded evidence regarding adult pornography[1] located on two computers seized during the investigation of the criminal charges against Tobias. The State has appealed the trial

---

[1] Adult pornography as used herein is in reference to sexually explicit images of adults. Unlike sexually explicit images of children, possession of adult pornography is not a crime.

court's ruling. The State argues that the trial court erred by granting the motion to suppress evidence because the trial court should not have determined the sufficiency of the State's evidence at a pretrial proceeding, because the affirmative links rule does not apply to a pretrial motion to suppress or when the evidence in question is not contraband, and because the evidence should have been deemed admissible because it was relevant and not unfairly prejudicial pursuant to Rule 403 of the Rules of Evidence. Because we find that the trial court did not abuse its discretion in its pretrial ruling, we affirm the trial court's order.

**PROCEDURAL HISTORY**

At the State's request, the trial court took up Tobias's motion to suppress evidence after the jury had been selected and just before the jury was to be sworn. Tobias's motion to suppress alleged that there was evidence that the State intended to introduce at trial for which there was no good faith basis to admit and that the evidence would be more prejudicial than relevant. The questions before the trial court were: (1) whether adult pornography found on two computers seized from the premises of a daycare owned by Tobias and his wife could be linked to Tobias sufficiently that a juror could have found that it was his beyond a reasonable doubt, and (2) whether the evidence was irrelevant or if its probative value was substantially outweighed by the danger of unfair prejudice. The trial court heard rather extensive and detailed testimony and argument regarding the evidence and granted the motion to suppress. The trial court entered findings of fact and conclusions of law at the State's request.

**PROPRIETY OF THE PROCEDURE USED**

In its first issue, the State argues that the trial court erred by considering the admissibility of the evidence in a pretrial motion to suppress evidence. Tobias argues that the State has waived this complaint by its actions in insisting on a ruling prior to the commencement of the trial pursuant to the invited error doctrine.

The doctrine of invited error provides that "if a party affirmatively seeks action by the trial court, that party cannot later contend that the action was error." *Druery v. State*, 225 S.W.3d 491, 505-06 (Tex. Crim. App. 2007) (*quoting Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999)). The doctrine of invited error is properly thought of, not as a species of waiver, but as estoppel. *Prystash*, 3 S.W.3d at 531. Thus, the invited error doctrine estops a party from complaining that a trial judge erred when that party affirmatively sought the ruling. *State v. Moreno*, 294 S.W.3d 594, 601 (Tex. Crim. App. 2009).

Additionally, as a general rule, in order to preserve error, the record must reflect that the party complaining of the alleged error made an objection to the trial court which was overruled. *See* TEX. R. APP. P. 33.1(a). Failing to object generally results in a waiver of the complaint on appeal. *Id.*

In this proceeding, the record indicates that the State pursued the hearing and insisted on a pretrial ruling from the trial court on the motion to suppress that had been filed by Tobias. Moreover, the State did not object in the trial court on the basis that the trial court was improperly determining the sufficiency of the evidence as to an element

of the offense. Whether the issue is properly considered as a matter of estoppel or waiver, the result is the same in this proceeding. This complaint has not been properly preserved. We overrule issue one.

## ADMISSIBILITY OF THE EVIDENCE

In its second issue, the State argues that the trial court abused its discretion by suppressing the evidence because the affirmative links rule is inapplicable to pretrial motions to suppress and because Tobias was not being tried for possessing contraband which would require the State to prove that the pornographic images were affirmatively linked to him. Further, the State contends that the trial court made improper credibility determinations that should not be made by the trial court in a pretrial motion to suppress but that should be determined by a jury. In its third issue, the State complains that the trial court abused its discretion by suppressing the evidence because it is relevant and admissible pursuant to Rule 403 of the Rules of Evidence.

In general, the trial court has the discretion to conduct a pretrial hearing on preliminary matters, including the admissibility of evidence. *See State v. Hill*, 499 S.W.3d 853, 865-66 (Tex. Crim. App. 2016) (trial courts have "discretionary authority to hold pretrial evidentiary hearings on preliminary matters that can, and should be, resolved expeditiously"); TEX. CODE CRIM. PROC. ANN. art. 28.01(1)(6) (permitting a trial court to hold a pretrial hearing on motions to suppress evidence); *State v. Medrano*, 67 S.W.3d 892, 901 (Tex. Crim. App. 2002) (recognizing that a motion to suppress under article 28.01 is one in which a party claims that certain evidence should not be admitted at trial for a

constitutional, statutory, evidentiary, or procedural reason). Before admitting evidence of extraneous crimes, wrongs, or other acts, the trial court must determine as a preliminary matter pursuant to Rule of Evidence 104(b) whether a jury could find beyond a reasonable doubt that the defendant committed the extraneous offenses or other acts. *Harrell v. State*, 884 S.W.2d 154, 160 (Tex. Crim. App. 1994); TEX. R. EVID. 104(b).

A trial court's decision to exclude evidence is reviewed under an abuse of discretion standard. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A reviewing court must consider the ruling in light of what was before the trial court at the time the ruling was made and, because trial courts are in the best position to decide questions of admissibility, we uphold the trial court's decision when that decision is within the zone of reasonable disagreement. *Billodeau v. State*, 277 S.W.3d 34, 39 (Tex. Crim. App. 2009). A trial court does not abuse its discretion if any evidence supports its decision. *See Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002). A reviewing court should therefore uphold the trial court's evidentiary ruling if it was correct on any theory of law applicable to the case. *See De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

## AFFIRMATIVE LINKS

The State argues that it is not required to establish affirmative links between the evidence and Tobias because he was not being prosecuted for the possession of contraband. However, even so, the State is still required to establish a sufficient connection between the evidence and Tobias such that "the jury could reasonably infer

that [the defendant] both knew about the images and had control over them." *Pinson v. State*, No. 08-02-00327-CR, 2004 Tex. App. LEXIS 6916, 2004 WL 1693551, at *6 (Tex. App.—El Paso July 29, 2004, pet. ref'd) (mem. op.) (not designated for publication). Here, however, no such reasonable inference can be made.

In this proceeding, the evidence before the trial court in the suppression hearing was that there was a deleted fragment of an email that mentioned "Rick" on one computer on which one pornographic image was found. The second computer where a number of images were located within both the allocated and unallocated disk space was built by Tobias's son using four hard disk drives, one of which was a laptop hard drive that had been reformatted. The experts for the State and Tobias were unable to find any links between what was found on the second computer, the potential date of the offense between 2008 and 2009, and Tobias. Tobias's son built the computer in 2012 and contended that Tobias did not have access to it. The pornography that was traceable was attributable to the account of "B. Tobias," who was Tobias's son.

The State also complains that by its ruling, the trial court improperly made a determination of the credibility of Tobias's son, which should have been determined by a jury. It is improper for the trial court to make a finding that evidence underpinning an element of the offense was insufficient (i.e., implicitly rule on guilt or innocence), or to make a credibility determination that necessarily renders the evidence regarding an element of the crime insufficient. *See Woods v. State*, 153 S.W.3d 413, 414-15 (Tex. Crim. App. 2005). However, we find that the trial court did not determine an element of the

offense or the ultimate issue of Tobias's guilt or innocence by ruling the evidence was inadmissible in the pretrial proceeding.

The trial court's findings of fact and conclusions of law demonstrate that the trial court found that the evidence, although relevant to potentially corroborate the alleged victim's testimony, was inadmissible pursuant to Rule of Evidence 403 because a juror could not find that Tobias knew of or was in control of the pornography beyond a reasonable doubt and therefore, the evidence was unfairly prejudicial when balanced with its' minimal probative value.

Rule 403 of the Rules of Evidence allows the exclusion of evidence if its probative value is substantially outweighed by a danger of unfair prejudice or misleads the jury. *See* TEX. R. EVID. 403. "The probative force of evidence refers to how strongly it serves to make the existence of a fact of consequence more or less probable." *Gonzalez v. State*, 544 S.W.3d 363, 372 (Tex. Crim. App. 2018). Relevant evidence is presumed to be more probative than prejudicial. *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). Evidence is unfairly prejudicial if it has the capacity to lure the factfinder into declaring guilt on a ground other than proof specific to the offense charged. *Manning v. State*, 114 S.W.3d 922, 928 (Tex. Crim. App. 2003). A trial judge has substantial discretion in balancing probative value and unfair prejudice. *See Powell v. State*, 189 S.W.3d 285, 288 (Tex. Crim. App. 2006).

When conducting a Rule 403 balancing test, courts should consider: (i) the evidence's probative force; (ii) the proponent's need for the evidence; (iii) the evidence's

potential to suggest a decision on an improper basis; (iv) the evidence's tendency to distract the jury from the main issues; (v) any tendency for the jury to give the evidence undue weight because it has not been fully equipped to evaluate the evidence's probative force; and (vi) the likelihood that presenting the evidence will consume an inordinate amount of time. *See Gigliobianco v. State*, 210 S.W.3d 637, 641-642 (Tex. Crim. App. 2006).

The State argues that the probative force of the evidence weighs in favor of its admission. We disagree. Based on the evidence presented at the motion to suppress, the probative force of the evidence of pornography that could not be connected to Tobias beyond a reasonable doubt found 4-5 years after the alleged offense took place was slight and weighs against its admission. The State argues that its need for the evidence is great to corroborate the anticipated testimony of the victim and to show Tobias's intent. However, the State argued that it did not intend to admit images or videos of pornography, just that it was found on computers seized from the daycare's premises in a different building from where the offense allegedly occurred. Even if that factor weighed in favor of admissibility, that need is not outweighed by the potential of a decision being made on an improper basis by the jury and its tendency to distract the jury, which is likely with evidence of pornography that cannot be linked to Tobias beyond a reasonable doubt. Additionally, based on the length of the suppression hearing, the trial court could have determined that presenting the evidence would take an inordinate amount of time for the jury to fully comprehend. Based on the evidence presented at the pretrial hearing, we find that the trial court did not abuse its discretion by excluding the

evidence pursuant to Rule 403 of the Rules of Evidence.[2] Because we have found that the trial court did not abuse its discretion in excluding the evidence in its pretrial ruling, we overrule issues two and three.

**CONCLUSION**

Having found no reversible error, we affirm the trial court's pretrial order granting the motion to suppress evidence.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Neill, and
     Justice Johnson
Affirmed
Opinion delivered and filed February 24, 2021
Do not publish
[CRPM]



---

[2] The State challenges the propriety of the trial court considering the admission of the evidence pursuant to Rule 403 in the pretrial hearing. However, while rare, the Court of Criminal Appeals has recognized that in certain circumstances, a pretrial determination pursuant to Rule 403 may be appropriate and we find that the evidence presented to the trial court at the hearing held at the State's request was sufficient for the trial court's determination. *See State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). Further, as discussed in the first issue, the State's insistence on the trial court's ruling pretrial forfeits this complaint.