Opinion issued December 2, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00673-CR

———————————

Jamon Reynard
Williams, Appellant

V.

The State of Texas, Appellee



 



 

On
Appeal from the 262nd District Court

Harris
County, Texas



Trial Court Case No. 1177742

 



 

MEMORANDUM OPINION

Appellant, Jamon Reynard Williams, was
charged by indictment with aggravated sexual assault of a child.[1]  Appellant pleaded not guilty.  A jury found appellant guilty as charged and
assessed punishment at life in prison. 
In four points of error, appellant argues (1) the trial court’s clearing
of the courtroom during testimony of minors violated his state and federal
constitutional rights to a public trial; (2) the trial court abused its
discretion by admitting extraneous offense evidence during the punishment phase
of the trial; and (3) he was denied effective assistance of counsel.

We affirm.

                                                                                                                                                                
Background

In March of 2008, complainant, A.T., described to her
mother an event that occurred around late October or early November of 2005 in
which appellant sexually assaulted her. 
A.T.’s mother took her to the police and charges were filed against
appellant.

During the guilt-innocence phase of the trial, the State
presented the testimony of A.T.’s mother describing A.T.’s first outcry of the
offense committed by appellant.  No
objection was raised.  This testimony, as
well as testimony of another witness, established that A.T. also had accused
her grandfather of sexual abuse and that the grandfather was later charged and
pleaded guilty.

In the morning of the second day of the trial, the State
notified the trial court that, on the previous day, some members of appellant’s
family were seated near the jury box and were making comments and gesturing in
response to the witness’s testimony.  The
State asked the trial court to admonish the family members and to have them
moved to the other side of the courtroom. 
The only objections raised by appellant concerned whether his family
members should be relocated while in the courtroom.

During this exchange, the trial court stated that it was
the “usual and customary practice” of the court to clear the courtroom of
everyone “except for court personnel, the defendant, the defense attorney, and
the State” for all child witnesses rather than having the child in a separate
room with a video camera that displayed in the courtroom.  Neither party objected to this practice.  Instead, the conversation continued about
whether appellant’s family members should be required to move and, later, about
the bailiff making them move on his own accord.

During the punishment phase of the trial, the State sought
the introduction of evidence concerning an extraneous offense alleged to have
been committed by appellant while he was a juvenile.  Appellant argued that his record as a juvenile
should have been sealed and that the late notice of the offense caused an
unfair surprise.  The State argued that
the record was not sealed and that appellant’s counsel had alerted the State to
the offense, so it could not come as a surprise to appellant.  The trial court ultimately allowed the
evidence to be presented to the jury.

                                                                                                                   
Appellant’s Right to a Public Trial

In his first two points of error, appellant argues that
the trial court violated his right to a public trial guaranteed under the
federal and state constitutions by closing the courtroom during the testimony
of the three child witnesses.[2]  The State argues that any error was waived at
trial because appellant did not raise a proper objection to the closing of the
courtroom during the testimony of the child witnesses.  We agree.

In the morning of the second day of the trial, the State
notified the trial court that, on the previous day, some members of appellant’s
family were seated near the jury box and were making comments and gesturing in
response to the witness’s testimony.  The
State asked the trial court to admonish the family members and to have them
moved to the other side of the courtroom. 
The only objections raised by appellant concerned whether his family
members should be relocated while in the courtroom.

During this exchange, the trial court stated that it was
the “usual and customary practice” of the court to clear the courtroom of
everyone “except for court personnel, the defendant, the defense attorney, and
the State” for all child witnesses rather than having the child in a separate
room with a video camera that displayed in the courtroom.  Neither party objected to this practice.  Instead, the conversation continued about
whether appellant’s family members should be required to move.  

During the guilt-innocence phase of the trial, one child
witness testified twice.  Appellant made
no objections to the courtroom being cleared either of those times.  Additionally, two child witnesses testified
during the punishment phase.  Appellant
did not object either time to the courtroom being cleared.

The federal constitution guarantees a criminal defendant
the right to a public trial.  U.S. Const. amend. VI.  “Where a defendant, with knowledge of the
closure of the courtroom, fails to object, that defendant waives his right to a
public trial.”  United States v. Hitt, 473 F.3d 146, 155 (5th Cir. 2006).  The only objections raised by appellant
concerned whether his family members should be relocated while in the
courtroom.  Appellant did not raise any
objections to the closure of the courtroom for the testimony of each of the child
witnesses.  Appellant’s point of error on
appeal must comport with his objection at trial.  See
Guevara v. State, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003).  Accordingly, appellant waived any rights he
had to a public trial.

We overrule appellant’s first and second points of error.

                                                                                                                     
Admission of Extraneous Offense

In his third point of error, appellant argues that the
trial court abused its discretion during the punishment phase of the trial by
admitting extraneous offense evidence to which jeopardy had attached.  Specifically, appellant objected to the
introduction of evidence regarding an incident that occurred when appellant was
a minor in which appellant allegedly inserted his finger into the vagina of a
5-year-old female.  Appellant was charged
for the alleged offense and tried at least twice but never convicted.

A.              
Standard of Review

We
review a trial court’s decision to admit or exclude evidence for abuse of
discretion.  Green v. State, 934
S.W.2d 92, 101–02 (Tex. Crim. App. 1996). 
If the trial court’s evidentiary ruling is within the “zone of
reasonable disagreement,” there is no abuse of discretion, and the reviewing court
must uphold the trial court’s ruling.  Id.
 All relevant evidence is admissible,
except as otherwise provided by constitution, by statute, by the rules of
evidence, or by other rules prescribed pursuant to statutory authority.  Tex.
R. Evid. 402.  Evidence is
relevant if it tends to make the existence of any consequential fact more or
less probable than it is without the evidence. 
Tex. R. Evid  401.  

In all criminal cases, after a
finding of guilt by either a judge or a jury, both parties may offer any
evidence relevant to sentencing.  Tex. Code Crim. Proc. Ann. art. 37.07
§ 3(a)(1) (Vernon Supp. 2010); Rivera v. State, 123 S.W.3d 21, 30
(Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).  This evidence may include the defendant’s
prior criminal record, character testimony, reputation testimony, or evidence
of extraneous crimes or bad acts the defendant has been shown, beyond a
reasonable doubt, to have committed.  Rivera, 123 S.W.3d at 30.  The determination of what is “relevant” in
regard to punishment, under article 37.07 section 3(a), “should be a question
of what is helpful to the jury in determining the appropriate sentence in a
particular case.”  Mendiola v. State,
21 S.W.3d 282, 285 (Tex. Crim. App. 2000).

B.              
Waiver

As an initial matter, the State argues that appellant has
waived this issue by not properly objecting to it at trial.  To preserve an error for review on appeal,
the party must make an objection, state a ground for the objection with
sufficient specificity to make the trial court aware of the complaint, and
either obtain a ruling or object to the court’s refusal to make a ruling.  Tex.
R. App. P. 33.1(a); Wilson v.
State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  The party’s complaint on appeal must comport
with the objection raised at trial.  Wilson, 71 S.W.3d at 349.

Appellant raised multiple objections at trial regarding
the admission of the evidence.  When the
matter was first raised in the guilt-innocence phase, appellant’s objected
because “there is no conviction anywhere.” 
The trial court observed that there was no attempt at that time to
introduce the evidence and ruled only that, before any party could elicit
testimony regarding the extraneous offense, they would have to come before the
court and obtain a ruling then.  Even if
we were to construe appellant’s objection as an objection to double jeopardy,
the trial court did not specifically rule on this objection at this point.  Because there was no ruling, this objection
did not preserve any error to consider on appeal.  See
Tex. R. App. P. 33.1(a)(2).

During the punishment phase of the trial, the State sought
permission from the trial court to introduce the evidence of the extraneous
offense.  Appellant argued that he was
objecting because he was a juvenile when the alleged offense was committed and,
accordingly, the record should have been sealed because he was not convicted.  The trial court stated it had concerns about
the evidence:

The thing that concerns me is that it was tried to a jury
twice, and neither time was it found beyond a reasonable doubt.  Now in order for it to be considered by this
jury, they have to be able to find it beyond a reasonable doubt. But will the prejudicial
affect [sic] outweigh the probative value[?]

At this point, appellant argued that the evidence
would prejudice the case.  The trial
court expressed concern that the evidence would be too prejudicial, but stated
that the law showed that the evidence could be introduced.  At this point, the trial court ruled that the
State could introduce evidence of the extraneous offense.

None of these objections are based on a double-jeopardy
violation.  Accordingly, they do not
comport with the issue raised on appeal. 
See Wilson, 71 S.W.3d at 349.

Nevertheless, a double-jeopardy claim can be raised for
the first time on appeal “when the undisputed facts show the double jeopardy
violation is clearly apparent on the face of the record and when enforcement of
usual rules of procedural default serves no legitimate state interests.”  Gonzalez
v. State, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000).  Accordingly, we consider whether the
undisputed facts show that appellant’s claim of double jeopardy violation is
clearly apparent on the face of the record and whether enforcement of usual
rules of procedural default serves no legitimate state interests.

C.              
Analysis

As a general rule, unadjudicated juvenile offenses are
admissible against a defendant in the punishment phase of a trial.  Strasser
v. State, 81 S.W.3d 468, 470 (Tex. App.—Eastland 2002, pet. ref’d).  During the punishment phase, the State sought
to introduce evidence regarding an incident that occurred when appellant was a
minor.  The State alleged that, during
this incident, appellant inserted his finger into the vagina of a 5-year-old
female.  Appellant was charged for the
alleged offense.  Both parties agreed
that the case was tried twice, resulting in a hung jury both times.  Appellant argued that the case went to trial
a third time and the State dismissed the suit in the process of third
trial.  The State argued that, after the
second hung jury, the case was nonsuited.

In this instance, the undisputed facts do not show that a
double-jeopardy violation occurred.  Appellant’s
counsel told the trial court that the case had been dismissed during the third
trial.  Even if we were to look only at
the statements of appellant’s counsel and consider them facts upon which we
could make a determination, appellant’s counsel did not state at what point
during the third trial the case was dismissed. 
Jeopardy does not attach until a jury has been empanelled and
sworn.  State v. Moreno, 294 S.W.3d 594, 597 (Tex. Crim. App. 2009).

Appellant’s sister testified during the punishment phase
that the case went to trial three times. 
Appellant testified that, during the third trial, the case was
dismissed.  Neither appellant nor his
sister testified at what point during the trial the case was dismissed.  See id.  In contrast, the complainant from the earlier
case and her brother testified during the punishment phase of the current
case.  Both of them testified that the
case only went to trial twice.  The facts
establishing double jeopardy were disputed in this matter.  Therefore, it is not clearly apparent on the
face of the record that there was a double jeopardy violation.  See Gonzalez,
8 S.W.3d at 643.

We overrule appellant’s third point of error.

                                                                                                                        
Ineffective Assistance of Counsel

In his final point of error, appellant argues that he was
denied effective assistance of counsel.

A.              
Applicable legal principles

The Sixth
Amendment to the United States Constitution guarantees the right to reasonably
effective assistance of counsel in criminal prosecutions.  See U.S. Const. amend. VI.  To show ineffective assistance of counsel, a
defendant must demonstrate both (1) that his counsel’s performance fell below
an objective standard of reasonableness and (2) that there is a reasonable
probability that, but for counsel’s unprofessional errors, the result of the
proceeding would have been different.  Strickland v. Washington, 466 U.S. 668,
687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); Andrews v. State, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005).

An appellant bears
the burden of proving by a preponderance of the evidence that his counsel was
ineffective.  Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  Any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Id. at 813.  We presume that a counsel’s conduct falls
within the wide range of reasonable professional assistance, and we will find a
counsel’s performance deficient only if the conduct is so outrageous that no
competent attorney would have engaged in it. 
Andrews, 159 S.W.3d at 101.

In most
ineffective-assistance-of-counsel cases, the record on direct appeal is not
developed and does not adequately reflect the alleged failings of trial
counsel.  Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).  This is particularly true when the alleged
deficiencies are matters of omission and not of commission that is shown in the
record.  Id.  In such cases, the
record is best developed in a hearing on a motion for new trial or on
application for a writ of habeas corpus. 
See id.

B.              
Analysis

Appellant claims that three errors establish that his
attorney rendered ineffective assistance: (1) failing to challenge the
complainant’s mother’s outcry testimony; (2) failing to object to the testimony
establishing that the child had also accused another person of sexual abuse and
that person had pleaded guilty; and (3) notifying the State of the offense that
appellant had been charged with as a juvenile. 


Appellant did not file a motion for new trial complaining
about ineffective assistance of counsel to develop a record establishing
counsel’s reasons for the alleged conduct. 
Because the record is silent, we cannot determine whether trial
counsel’s inaction was grounded in sound trial strategy.  See
Jackson, 877 S.W.2d at 771.  In the
absence of direct evidence of counsel’s reasons for the challenged conduct, an
appellate court will assume a strategic motivation if any can be imagined.  See
Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); see also Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (presuming
reasonable trial strategy supported failure to object in face of silent
record).  Accordingly, we review each of
the claims of error to determine whether a strategic motivation can be
imagined.  It is a valid trial strategy not
to object if objection would have been futile. 
Mooney v. State, 817
S.W.2d 693, 698 (Tex. Crim. App. 1991). 
It is also a reasonable strategy not to object to outcry testimony in
order to use that testimony to challenge the credibility of a witness.  Saldaña
v. State, 287 S.W.3d 43, 63 (Tex. App.—Corpus Christi 2008, pet. ref’d).

1.                
Outcry testimony

Appellant’s first claim of ineffective assistance is based
on his counsel’s failure to object to the complainant’s mother’s testimony
about her daughter’s first outcry of the offense.

Article 38.072 of the Texas Code of Criminal Procedure
concerns statements that describe an alleged offense of any of certain
enumerated offenses—including the offense of sexual assault—that were made by
the child against whom the offense was committed and that were made to the
first person 18 years of age or older to whom the child made the
statements.  Tex. Code Crim. Proc. Ann. art. 38.072 § 2(a) (Vernon Supp.
2010).  Such statements are not rendered
inadmissible because of hearsay if (1) certain notification of the intent to
use the testimony is timely provided; (2) “the trial court finds, in a hearing
conducted outside the presence of the jury, that the statement is reliable
based on the time, content, and circumstances of the statement;” and (3) the
child testifies or is available to testify. 
Id. § 2(b).  The test for reliability looks to the
circumstances surrounding the making of the statement, not the circumstances of
the abuse.  See Carty v. State, 178 S.W.3d 297, 307 (Tex. App.—Houston [1st
Dist.] 2005, pet. ref’d) (holding child describing events in her own words
using immature language is indicia of reliability); Reyes v. State, 274 S.W.3d 724, 727 (Tex. App.—San Antonio 2008,
pet. ref’d) (holding that outcry statement must provide specific details and
not just be general allegation of abuse).

It is undisputed that the State provided timely
notification of its intent to use A.T.’s mother’s testimony of A.T.’s first
outcry.  It is also undisputed that the
child testified at the trial.  Appellant
complains, however, that no hearing was ever held to determine if A.T.’s outcry
statement was reliable.

The test for reliability looks to the circumstances
surrounding the making of the statement, not the circumstances of the abuse.  Carty,
178 S.W.3d at 306–07.  The conversation
between A.T. and her mother began when her mother was telling A.T. about how
she was starting to mature physically and that people may try to touch her and
tell her it was natural but that she should not allow people to do this.  A.T. grew quiet during this conversation,
started to shake, began crying, and told her mother that this had already
happened to her.  A.T. identified her
grandfather as the perpetrator.  

This conversation took place on a Friday.  The following Sunday evening A.T.’s mother
explained that they were going to go to the police to explain what had
happened.  The mother told A.T. that she
needed to be sure there was not anything else she was not telling her.  At this point, A.T. became upset again and
identified appellant as having sexually abused her one time a little over two
years earlier.  The events and abuse that
complainant described were different from what she described that happened with
her grandfather.  A.T. described the
events in her own words, using immature terms to describe the events.

Appellant’s counsel could have reasonably believed that
the trial court would have found the testimony “reliable based on the time,
content, and circumstances of the statement.” 
See Tex. Code Crim. Proc. Ann. art. 38.072 § 2(b)(2); see also Carty, 178 S.W.3d at 307
(holding child describing events in her own words using immature language is
indicia of reliability); Reyes, 274
S.W.3d at 727 (holding that outcry statement must provide specific details and
not just be general allegation of abuse). 
Appellant’s counsel was not required to request a hearing to determine the
admissibility of the outcry testimony if it would have been futile to do
so.  See
Mooney, 817 S.W.2d at 698 (holding it is valid strategy not to object if
objection would have been futile).

Because the record
is silent regarding his counsel’s reasons for not objecting to the outcry
testimony, appellant fails to overcome the presumption that counsel exercised
reasonable professional judgment when he did not object to A.T.’s mother’s outcry testimony.  See
Thompson, 9 S.W.3d at 814 (holding appellant bears burden of proving by
preponderance of evidence that his counsel was ineffective).

2.                
Guilty plea of another accused

Appellant’s second claim of ineffective assistance is
based on his counsel’s failure to object to the testimony regarding the facts
that A.T. also claimed that her grandfather sexually abused her and that her
grandfather pleaded guilty to the subsequent charges.  Appellant argues that this testimony
bolstered the child’s credibility.

Assuming without deciding that appellant’s counsel could
have successfully challenged and excluded the testimony regarding the
allegations against the grandfather, a strategic motivation can still be
imagined.  During closing arguments,
Appellant’s counsel’s used the testimony regarding the accusation of the
grandfather and his subsequent plea of guilty to challenge the credibility of
the charges against appellant. 
Appellant’s counsel pointed out inconsistencies and ambiguities in the
testimony regarding the allegations against the grandfather that questioned the
veracity of the allegations and then compared those inconsistencies and
ambiguities to the ones appellant’s counsel argued existed in this case.  It is a reasonable strategy not to object to
outcry testimony in order to use that testimony to challenge the credibility of
a witness.  Saldaña, 287 S.W.3d at 63.

Because the record
is silent regarding his counsel’s reasons for not objecting to the testimony of
another accused who subsequently pleaded guilty, appellant fails to overcome
the presumption that counsel exercised reasonable professional judgment when he
did not object to A.T.’s
mother’s outcry testimony.  See Thompson, 9 S.W.3d at 814 (holding appellant
bears burden of proving by preponderance of evidence that his counsel was
ineffective).

3.                
Notice of extraneous offense

Appellant’s third claim of ineffective assistance is based
on his counsel’s notification to the State of the offense that was alleged to
have occurred when appellant was a juvenile.

Here, the record is not only silent as to appellant’s
counsel’s reasons for his action, it is also silent as to what specifically
happened that led the State to discover this offense.  During the trial, the State argued that
appellant’s counsel “gave us notice and let us know about the case.”  In another part of the trial, the State told
the trial court that it had located one of the victims of the alleged abuse
“[b]ased upon some comments that Defense counsel made.”  What these comments were is not in the record.  Without knowing the comments, the context in
which they were made, and whether there were direct or indirect references to
the extraneous offense, appellant has not met his burden of showing that his counsel’s performance fell below an
objective standard of reasonableness.   See Strickland, 466 U.S. at 687–88, 104 S. Ct. at 2064
(holding defendant must show counsel’s performance fell below objective
standard of reasonableness).

On this record, appellant
has not met his burden to show that counsel’s assistance fell below an
objective standard of reasonableness.  See Thompson, 9 S.W.3d at 814 (holding appellant
bears burden of proving by preponderance of evidence that his counsel was
ineffective).  Appellant has failed to
satisfy Strickland’s first prong on
each of these three claims of ineffective assistance of counsel; thus, we need
not consider the second prong.  See Strickland, 466 U.S. at 697, 104 S. Ct.
at 2069.

We overrule
appellant’s fourth point of error.

                                                                                                                                                                   
Conclusion

We affirm the judgment of the trial court.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Bland.

Do not publish.   Tex. R.
App. P. 47.2(b).











[1]           See Tex. Penal Code Ann. § 22.021
(Vernon Supp. 2010).





[2]           Appellant’s first point of error is based on the sixth
amendment of the United States constitution. 
U.S. Const. amend.
VI.  His second point of error is based
on section 10 of article I of the Texas Constitution.  Tex.
Const. art. I, § 10. 
Appellant argues these two points under the same section and draws no
legal distinction between the breadth and applicability of the federal and
state constitutional provisions.  “State
and federal constitutional claims should be argued in separate grounds, with
separate substantive analysis or argument provided for each ground.”  Muniz
v. State, 851 S.W.2d 238, 251 (Tex. Crim. App. 1993).  When an appellant does not make an argument
that the two provisions offer different levels of protection, we will consider
only the federal constitutional claim.  Mitschke v. State, 129 S.W.3d 130, 132
(Tex. Crim. App. 2004).