

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00282-CR

Jeremy Ray **ROTHENAY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR3013
Honorable Stephanie R. Boyd, Judge Presiding

Opinion by: Beth Watkins, Justice

Sitting: Luz Elena D. Chapa, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: May 24, 2023

AFFIRMED

Appellant Jeremy Ray Rothenay appeals his conviction for indecency with a child on

sufficiency and discovery violation grounds. We affirm.

## BACKGROUND

In June of 2018, Rothenay moved in with his girlfriend, C.B., and her three children,

including A.S., an eleven-year-old girl, and E.S., a nine-year-old boy. The next month, while C.B.

was out, Rothenay and A.S. were in the primary bedroom on the bed. E.S. "was in and out of the

room." A third sibling, a younger sister, was not present. As A.S. was watching videos on her iPad,

Rothenay rubbed A.S.'s vagina in a circular motion outside of her leggings. After a couple of minutes, A.S., scared and aware "[h]e obviously wasn't supposed to be doing it," went into the restroom and texted her mother, telling her that Rothenay had been touching her. She then collected E.S. and took him upstairs into their younger sister's bedroom and waited for C.B. to come home. C.B. came home and kicked Rothenay out of the house. The police came that night and talked to A.S.

Rothenay was charged with indecency with a child by sexual contact—touching part of the genitals of A.S.—and opted for a jury trial. At trial, A.S. testified about this assault as well as one that had occurred a week prior. A.S. testified that Rothenay came into her room to look at some drawings, locked the door, and touched her nipple and breasts. This testimony came as a surprise to the defense, as the prior act had not been disclosed by the State. Defense counsel asked for a mistrial; the trial court denied the motion.

The jury convicted Rothenay of the crime as charged in the indictment. The trial court assessed punishment at eight years' imprisonment. Rothenay appeals in three issues, the first and third relating to the sufficiency of the evidence, and the second relating to the State's failure to disclose its latest interviews of A.S. and E.S.

**ANALYSIS**

### *Issue 1-Material Variance*

Rothenay first argues that the evidence is insufficient because of a material variance between the indictment and the evidence presented against him at trial, which prejudiced his substantial rights.

### *Applicable Law*

A "variance" is a discrepancy between the allegations of the charging instrument and the State's proof at trial. *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). A variance

arises when the State's evidence proves the defendant committed the crime as defined in the statute but proves it in a manner that varies from the specific allegations in the charging instrument. *Id*. "Only a 'material' variance, one that prejudices a defendant's substantial rights, will render the evidence insufficient." *Ramjattansingh v. State*, 548 S.W.3d 540, 547 (Tex. Crim. App. 2018). "This happens when the indictment, as written, 1) fails to adequately inform the defendant of the charge against him, or 2) subjects the defendant to the risk of being prosecuted later for the same crime." *Id*.

*Application*

The indictment in this case alleged that "or about the 28th Day of July, 2018, JEREMY RAY ROTHENAY . . . did intentionally and knowingly engage in sexual contact with [A.S.], A FEMALE CHILD YOUNGER THAN SEVENTEEN (17) YEARS by touching PART OF THE GENITALS of [A.S.] with the intent to arouse or gratify the sexual desire of any person[.]"

Rothenay argues the evidence that he touched A.S.'s nipple and breasts resulted in a discrepancy between the allegations of the charging instrument and the State's proof at trial. In other words, the State charged touching of genitals but proved touching of breasts, a different offense. *See Pizzo v. State*, 235 S.W.3d 711, 719 (Tex. Crim. App. 2007) (statute "criminalizes three separate types of conduct—touching the anus, touching the breast, and touching the genitals with the requisite mental state" and each act constitutes a different criminal offense). Rothenay argues that the State's failure to amend the original indictment to include the prior conduct resulted in a due process violation because it resulted in an indictment that failed to adequately inform him of the charges against him, causing surprise and prejudice to the defense.

This is not a variance case. Here, the State proved Rothenay committed the crime as defined in the statute and proved the commission of the crime in a manner that did not vary from the specific allegations in the charging instrument—touching A.S.'s genitals. *See Phillips v. State*, 401

S.W.3d 282, 290 (Tex. App.—San Antonio 2013, pet. ref'd). The evidence that Rothenay touched A.S.'s breasts was otherwise admissible extraneous offense evidence given A.S.'s status as a minor. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37. It was not evidence of the charged offense, nor did the State try to prove its case with it. *Cf. Garcia v. State*, 614 S.W.3d 749, 751 (Tex. Crim. App. 2019). The State affirmatively distanced itself from reliance on that act in closing argument: "She said that he touched my vagina. He rubbed my vagina. That has been consistent the whole time. *We're not here about any other incidents*."

In a true variance case, some part of the allegation in an indictment is unproven. *See Ramjattansingh*, 548 S.W.3d at 547–49. Here, no part of the indictment was unproven. The proof presented at trial substantiated the State's allegations. For these reasons, we overrule Rothenay's first issue.

### Issue 2-Failure to Grant a Mistrial

Rothenay next argues the trial court erred in denying the motions for mistrial he made "after the State violated its discovery obligations."

### Applicable Law and Standard of Review

"A mistrial is an appropriate remedy in 'extreme circumstances' for a narrow class of highly prejudicial and incurable errors." *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009) (quoting *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004)). Texas Rule of Appellate Procedure 21.3 lists grounds that require a new trial and is instructive in defining the class of errors for which a mistrial should be granted. TEX. R. APP. P. 21.3; *Woodall v. State*, 77 S.W.3d 388, 392 (Tex. App.—Fort Worth 2002, pet. ref'd). "A mistrial halts trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile." *Ocon*, 284 S.W.3d at 884. "Whether an error requires a mistrial must be determined by the

particular facts of the case." *Id*. "A trial court's denial of a mistrial is reviewed for an abuse of discretion." *Id*.

*Application*

After A.S. testified that Rothenay touched her breasts one week before the charged offense, the defense took A.S. on voir dire outside the jury's presence to explore whether the State had violated its disclosure obligations. When questioned by defense counsel, A.S. testified that she had met with the prosecutors the day before and had mentioned "this new allegation about being in the bedroom and [] Rothenay touching [her] nipple." On questioning by the State, A.S. agreed she had said Rothenay "grazed" her or that the touching was "just real brief." Defense counsel argued that the State had violated its discovery obligations and asked for a mistrial. *See Watkins v. State*, 619 S.W.3d 265, 277–78 (Tex. Crim. App. 2021) (noting State's duty of disclosure under a discovery order "is mandatory and must occur 'as soon as practicable'") (quoting TEX. CODE CRIM. PROC. art. 39.14(a)).

The State acknowledged its "oversight" and "mistake," and asked the trial court to instruct the jury to disregard the testimony. After a recess, the trial court announced it would deny the mistrial and "instruct the jury to wholly disregard any statements made by [A.S.] with regards to the touching of the breasts or the nipple." Defense counsel waived that instruction, arguing that the only way to protect Rothenay's due process rights was to question A.S. about the incident. Defense counsel then cross-examined A.S. and all the other witnesses about A.S.'s failure to mention the prior assault in her initial outcry and interviews.

During C.B.'s testimony, Rothenay discovered that the State had also interviewed E.S. the day before. Outside the presence of the jury, the trial court ordered the State to turn over its notes from the interview. After a lunch break, defense counsel again moved for a mistrial, this time based on the State's failure to disclose the interview of E.S. The prosecutors said that the interview with

E.S. was "[l]iterally five minutes," that E.S. had "nothing to add," and that they had agreed they were not going to call him to testify. The trial court denied the motion for mistrial but stated it would give defense counsel a chance to re-urge the motion the next morning. The next morning, after reaching an agreement with the State not to call E.S. as a witness, defense counsel withdrew the second motion for mistrial. On appeal, Rothenay complains about the trial court's refusal to grant both motions.

Rothenay is estopped from complaining about the trial court's refusal to grant the second motion for mistrial—the one he withdrew. *State v. Moreno*, 294 S.W.3d 594, 601 (Tex. Crim. App. 2009). The law of invited error estops a party from making an appellate error of an action he induced. *Id*.

The trial court did not abuse its discretion in denying the first motion for mistrial. Rothenay did not request a lesser remedy such as a continuance. And Rothenay expressly refused the lesser remedy of an instruction to disregard. "Though requesting lesser remedies is not a prerequisite to a motion for mistrial, when the movant does not first request a lesser remedy, we will not reverse the court's judgment if the problem could have been cured by the less drastic alternative." *Ocon*, 284 S.W.3d at 885. Such is the case here.

A continuance would have given Rothenay the opportunity to prepare for cross-examination of A.S. *See Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). Alternatively, an instruction to the jury to disregard A.S.'s testimony about Rothenay touching her breast would have been sufficient to cure this type of impropriety. *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) (per curiam) ("Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer, even one regarding extraneous offenses."); *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992). The charged offense was the more egregious assault. *See Robisheaux v. State*, 483 S.W.3d 205, 220 (Tex. App.—Austin 2016, pet.

ref'd) (extraneous offense testimony that was "no more serious than the allegations forming the basis for the indictment" unlikely to encourage decision on improper basis). Moreover, defense counsel acknowledged that A.S. had referenced another "generic like touching" in her prior forensic interview, which was disclosed, so defense counsel was aware that the touching of the vagina was not the only allegation of inappropriate behavior.

Under these circumstances, we hold the trial court did not abuse its discretion in denying the motions for mistrial. We therefore overrule Rothenay's second issue.

### Issue 3-Sufficiency

In his third issue, Rothenay argues that the evidence is insufficient because no rational trier of fact could have found two essential elements of the offense beyond a reasonable doubt: (1) that he "intentionally and knowingly" engaged in sexual contact with A.S.; and (2) that he did so "with the intent to arouse or gratify the sexual desire of any person."

### Standard of Review

We review a challenge to the sufficiency of the evidence under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). Under that standard, we examine all the evidence in the light most favorable to the verdict and resolve all reasonable inferences from the evidence in the verdict's favor to determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015). "[N]o evidence is ignored because the standard requires a reviewing court to view all of the evidence in the light most favorable to the verdict." *Cary v. State*, 507 S.W.3d 750, 759 n.8 (Tex. Crim. App. 2016) (internal quotation marks and emphasis omitted). "An appellate court cannot act as a thirteenth juror and make its own assessment of the evidence." *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018). Rather, "[a] court's role on appeal is restricted to guarding against

the rare occurrence when the factfinder does not act rationally." *Id*. This rationality requirement is a key and explicit component of the *Jackson* sufficiency standard. *See Jackson*, 443 U.S. at 319.

*Application*

A person commits the offense of indecency with a child if, "with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person . . . engages in sexual contact with the child[.]" TEX. PENAL CODE ANN. § 21.11(a). Under section 21.11,

> "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

TEX. PENAL CODE ANN. § 21.11(c). As mentioned above, the jury heard from A.S., age fourteen at the time of trial, that Rothenay rubbed her vagina in a circular motion outside of her leggings. In Texas, when the victim is seventeen years old or younger, the child's testimony alone is generally sufficient to support a sexual-assault conviction. *See Martinez v. State*, 178 S.W.3d 806, 812 n.23 (Tex. Crim. App. 2005); TEX. CODE CRIM. PROC. art. 38.07(b)(1).

Here, however, the State offered additional evidence. C.B. testified as an outcry witness. TEX. CODE CRIM. PROC. art. 38.072. C.B. read aloud the text messages A.S. wrote her that night, asking her to break up with Rothenay, telling her that she was scared and that Rothenay had been touching her, and asking her to call 9-1-1. C.B. testified that she went home immediately after receiving A.S.'s text messages and found A.S. "curled up in a ball, like hugging her knees and crying and shaking." A.S. told her that Rothenay had touched her on her vagina. This is evidence from which a rational fact finder could find that Rothenay made sexual contact with A.S. and did so with the intent to arouse. *Bazanes v. State*, 310 S.W.3d 32, 40 (Tex. App.—Fort Worth 2010,

pet. ref'd) (specific intent required for offense of indecency with child can be inferred from defendant's conduct). We overrule Rothenay's third issue.

## CONCLUSION

Having overruled each of Rothenay's issues, we affirm the trial court's judgment.

Beth Watkins, Justice

DO NOT PUBLISH